Henry PICKEN, et al., Plaintiffs,

v.

**MINUTEMAN PRESS INTERNATIONAL, INC., Defendant.**

Civ. A. No. 1:92–CV–2011–JOF.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 3, 1993.

Everette L. Doffermyre, Jr., Robert E. Shields, and Leslie J. Bryan, Doffermyre,

Shields, Canfield & Knowles, Atlanta, GA, for plaintiffs.

Matthew Henry Patton, James Henry Walker, IV, and Roderick C. Dennehy, Jr., Kilpatrick & Cody, Atlanta, GA, for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Defendant Minuteman Press International, Inc.'s motion to transfer. Plaintiffs Henry and Cheryl Picken and Single Source Business Services, Inc., originally filed this action in the State Court of Cobb County, Georgia. Defendants timely removed this diversity action to this court. Defendants now ask that this case be transferred to the District Court for the Eastern District of New York, relying on a forum selection clause found in the franchise agreement between the parties.

## I. BACKGROUND

Plaintiffs Henry and Cheryl Picken moved to the Atlanta area from New York in 1989. Mr. Picken is a certified public accountant and holds a master's degree in business administration from Dartmouth. Prior to the events in question, Mrs. Picken operated a successful small business. Minuteman Press is a New York corporation with its principal place of business in Farmingdale, New York. Minuteman Press has licensed over 900 franchisees throughout the United States over the years. In May of 1990, Plaintiffs purchased the assets of a Minuteman Press franchise from the former owners in Kennesaw, Georgia, and signed a franchise agreement with the defendant. The agreement stated as follows at paragraph 24(d):

**THIS AGREEMENT SHALL BE GOVERNED AS TO VALIDITY, CONSTRUCTION AND IN ALL OTHER RESPECTS, BY THE LAWS OF THE STATE OF NEW YORK, AND IN THE EVENT OF ANY LITIGATION COMMENCED BY EITHER PARTY HEREUNDER, SUCH ACTION SHALL BE COMMENCED AND TRIED IN A COURT OF COMPETENT JURISDICTION IN THE STATE OF NEW YORK, OR IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, IN THE COUNTY WHERE LICENSOR HAS ITS HOME OFFICE. THE PARTIES WAIVE TRIAL BY JURY IN ALL INSTANCES.**

(Emphasis in original). The Pickens signed or initialed all pages of this agreement.

As might be imagined, business relations soured, the facts of which are not relevant. Plaintiffs allege, however, that Defendants not only breached the franchise agreement, but engaged in fraud and deceit and breached their fiduciary duty in representing the Plaintiffs in the purchase of the franchise from the former owner.

## II. DISCUSSION

Motions to transfer based on a forum selection clause in a contract are governed by 28 U.S.C. § 1404(a). *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). The question of enforceability is one of federal law. *Id.* at 32, 108 S.Ct. at 2245. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court to any other district or division where it might have been brought." Traditionally a plaintiff's choice of forum has been accorded considerable deference. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *In re Ricoh*, 870 F.2d 570, 573 (11th Cir. 1989).

The question of whether a contract containing a valid and reasonable choice of forum provision changes the burden of persuasion has been painfully and arduously answered in this circuit. *Id.; see also Stewart v. Dean–Michaels Corp.*, 716 F.Supp. 1400, 1404 (N.D.Ala.1989) ("When this court read *In re Ricoh Corp.*," it heard the Eleventh Circuit say, "Check" and "Mate."). Because the plaintiff has already chosen the contractual venue in the contract, the theory is that the concern for preserving the plaintiffs' right to choose their forum by filing suit is no longer present. The opposing party, therefore, bears the burden "of persuading the

court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh,* 870 F.2d at 573. This burden is extremely difficult to overcome. *Id.; Stewart,* 487 U.S. at 33, 108 S.Ct. at 2246 ("A valid forum selection clause [should be] given controlling weight in all but the most exceptional cases.").

■ Looking at this case, in spite of Plaintiffs' attempts to argue to the contrary, the contract in question seems to have been negotiated freely between experienced business professionals. Although Minuteman Press is a clearly larger entity than Plaintiffs, no significant showing of unequal bargaining power has been made. The Pickens, moreover, have the necessary resources to continue pursuit of this matter is a foreign forum. The choice of the New York venue is reasonable given that Defendant is a New York corporation and has its principal place of business in Farmingdale, New York. While the court understands that New York would be inconvenient for the Plaintiffs, Plaintiffs have not shown that it would be any more inconvenient for them than litigating here would be for the Defendant.[1]

Plaintiffs, however, contend that since they are alleging not just a breach of contract claim but also fraud in the inducement, the court should not rely on the forum selection clause since the contract may be found to be voidable. Plaintiffs also argue that even assuming the clause is theoretically enforceable, its language is limited only to the breach of contract claim by the word "hereunder." Plaintiffs are correct that courts in other jurisdictions have refused to enforce a forum selection clause where fraud was alleged. *See Hoffman v. Minuteman Press International,* 747 F.Supp. 552, 558–59

(W.D.Mo.1990). The court also understands that the *Hoffman* case involved the same defendant as this action. Unlike the *Hoffman* court, however, this court is bound to follow the holding of *In re Ricoh,* and the allegations of the complaint in the *In re Ricoh* case included not just a breach of contract but also fraud, breach of warranty and antitrust claims. *See Stewart Organization, Inc. v. Ricoh Corp.,* 779 F.2d 643, 650 (11th Cir.1986); *vacated,* 785 F.2d 896, *for a rehearing en banc.*

Furthermore, the mere allegation of fraud in the complaint should not determine the enforceability of a forum selection clause. Plaintiffs allege fraud in the inducement. This type of fraud attacks the underlying transaction as having been deceitful. It does not attack the language of the contract itself. This is to be distinguished from fraud in *factum* in which a party is tricked into assenting without understanding the significance of his action. Plaintiffs are not arguing that they did not understand what the contract itself stated. They are alleging only that Defendant made various misrepresentations as to profitability, services to be provided, and the general viability of the Kennesaw franchise. Plaintiffs also do not argue that they did not understand the New York forum selection clause.

This court also finds Plaintiffs' argument regarding the scope of the forum selection clause unpersuasive. Reading the word "hereunder" to apply only to a pure breach of contract claim between the parties would be unduly crabbed and narrow. "Hereunder" refers to the relations that have arisen as a result of this contract. To read otherwise would mean that the mere recitation of a form of action would dictate the enforce-

---

1. This court, however, does note the irony that this case would be transferred to New York. As Judge Acker stated in one of his vigorous discussions with the Eleventh Circuit in the series of *Stewart* cases:

    Federal district courts within the three states comprising the Eleventh Circuit will, no doubt, be pleased by the ruling of the Eleventh Circuit in this case, inasmuch as Alabama, Georgia and Florida are rarely the subjects of forum selection clauses, and the civil caseloads in these three states will surely fall as a direct consequence of the considerable number of

    transfers of civil cases to forums, like New York, contractually selected by the parties. On the other hand, the courts in New York may have mixed emotions about obtaining a veritable flood of complex cases from Alabama, Georgia and Florida, if from nowhere else, assigned to New York by contract, although arising in other states and controlled by the laws where the disputed transactions took place. "New York, New York, it's a wonderful town!"

    *Stewart Organization v. Ricoh Corp.,* 713 F.Supp. 1419 (N.D.Ala.1989).

# 912

ability of a forum selection clause. Such a restrictive reading would frustrate commercial reliance on such clauses which are encouraged.

The court understands that particularly egregious allegations of fraud might provide an exception to the enforcement of a forum selection clause. Where, as here, however, the allegations are those which are commonly alleged between parties when a business deal goes sour, this court is unpersuaded that the original understanding of the parties should not be enforced. Plaintiffs have failed to provide sufficient reasons to overcome the "significant factor that figures *centrally* in the district court's calculus"—the forum selection clause. *Stewart,* 487 U.S. at 29, 108 S.Ct. at 2244.

## III. CONCLUSION

In light of the foregoing discussion, the court finds as follows: Defendant's motion to transfer this case to the Eastern District of New York is GRANTED [7–1]. Accordingly, the Clerk of Court is DIRECTED to TRANSFER this case.

SO ORDERED.