**MARKLYN CONTROLS SUPPLY**

v.

**PALL TRINITY MICRO CORPORATION, By and Through its successor, PALL CORPORATION.**

**No. MO–94–CA–114.**

United States District Court,
W.D. Texas,
Midland/Odessa Division.

Aug. 9, 1994.

Randall Rouse, Shafer, Davis, McCollum, Ashley, Oleary & Stoker, Odessa, TX, for plaintiff.

David LeBas, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, TX, for defendant.

## ORDER

BUNTON, Senior District Judge.

BEFORE THIS COURT, in the above-captioned cause, is Defendant's Motion to Dismiss or, in the alternative, Motion to Transfer Venue. Plaintiff timely filed its Response opposing Defendant's Motion. Defendant requests this Court dismiss or transfer Plaintiff's claims pursuant to 28 U.S.C. § 1406(a). In the alternative, Defendant requests this Court transfer this case to the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a). After due consideration, this Court is of the opinion Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a) should be granted.

## DISCUSSION

■ Defendant requests dismissal or transfer of Plaintiff's claims pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Specifically, Defendant argues the forum selection clause[1] within the Exclusive Distribu-

---

1. The forum selection clause provides in pertinent part:

This contract is deemed to be made and executed in New York and shall be governed by

tion Agreement ("Agreement") between the Plaintiff and Defendant is valid and enforceable unless the Plaintiff can demonstrate enforcement would be unreasonable. *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513, 520 (1972). In contrast, Plaintiff contends that if this case is transferred to New York, it will be greatly inconvenienced. Further, Plaintiff argues if the case is transferred, it will not have the ability to subpoena witnesses from the State of Texas, and will effectively deprive the Plaintiff of its day in court. *Seattle–First Nat'l Bank v. Manges*, 900 F.2d 795, 799 (5th Cir.1990).

It is well settled forum selection clauses are considered *"prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913, 32 L.Ed.2d at 520. "The enforcement of such a clause would be unreasonable if the clause is invalid for fraud or overreaching, or if forcing the resisting party to proceed in the chosen forum would be so difficult for that party that it would effectively deprive it of its day in court." *Seattle–First Nat'l Bank*, 900 F.2d at 799, (relying on *M/S Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523).

▮ The United States Supreme Court held a chosen forum is unreasonable if it is "*seriously* inconvenient for the trial of that action ..." *M/S Bremen*, 407 U.S. at 16, 92 S.Ct. at 1916, 32 L.Ed.2d at 524 (emphasis in original). Moreover, the party resisting enforcement of a forum selection clause bears "a heavy burden of proof" on the issues of fraud or overreaching. *M/S Bremen*, 407 U.S. at 17, 92 S.Ct. at 1916, 32 L.Ed.2d at 524.

Determining whether fraud or overreaching was involved hinges on whether the Agreement was in fact freely bargained for. *See Hoffman v. Burroughs Corp.*, 571 F.Supp. 545, 548 (N.D.Tex.1982). The Court should also look to the relationship between the parties to determine whether "overweening bargaining power" was exercised in the

formation of the contract. *M/S Bremen*, 407 U.S. at 12, 92 S.Ct. at 1914, 32 L.Ed.2d at 521.

The Court finds requiring Plaintiff to litigate this matter in the contractually chosen forum, i.e., New York, is not so "gravely difficult and inconvenient that [plaintiff] will for all practical purposes be deprived of [its] day in court". *M/S Bremen*, 407 U.S. at 18, 92 S.Ct. at 1917, 32 L.Ed.2d at 525. The Court recognizes certain witnesses reside within the State of Texas and are outside the subpoena power of the New York courts. However, the Federal Rules of Civil Procedure have provisions whereby the Plaintiff can secure the testimony of these witnesses and/or parties. *See* Fed.R.Civ.P. 27 & 45(b)(2).

While it may be inconvenient and expensive for Plaintiff to litigate its claim in New York, these inconveniences and costs were matters which both parties could have considered before entering into the Agreement. The Court finds whatever inconvenience the Plaintiff may have to endure by proceeding in New York, it is not so grave that it deprives the Plaintiff of its day in court.

Furthermore, Plaintiff has not shown fraud or overreaching by Defendant with respect to the forum selection clause or the formation of the Agreement. Plaintiff claims it was not in the same bargaining position as Defendant because if it did not sign the Agreement as prepared by Defendant, there would not have been an Agreement at all. This argument is insufficient to show the Agreement was not entered into after arms-length negotiations. Based on the evidence before the Court, it appears Plaintiff is a sophisticated business with highly skilled negotiators. Moreover, the evidence indicates Plaintiff is very familiar with the type of contract at issue in this case. Therefore, there is no evidence to support Plaintiff's claims of fraud or unequal bargaining.

As a final matter, the Court must decide whether to transfer this cause of action pur-

and construed and interpreted in accordance with the laws of the State of New York, and the exclusive venue of any suits of cause of action

relating to or arising directly or indirectly from this Agreement shall be made in Nassau County, New York.

suant to 28 U.S.C. § 1404(a)[2] or 28 U.S.C. § 1406(a).[3]   Section 1404(a) permits transfers from a district court where venue is proper to another court where a transfer would serve the convenience of the parties and witnesses.   Section 1406(a) requires a court to either dismiss or transfer a case which was filed in the wrong venue to begin with.   While it appears a transfer based upon a forum selection clause may be accomplished pursuant to either provision, this Court is of the opinion a transfer is more appropriate under 28 U.S.C. § 1406(a). "[T]he nature of a motion to enforce a forum selection clause is that venue was wrong in the first instance, *see* 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3847 (1982), and a plaintiff should not be allowed to gain an advantage by bringing suit in the wrong court." *Hoffman v. Burroughs Corp.,* 571 F.Supp. 545, 551 (N.D.Tex.1982). Therefore, the Court is of the opinion Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1406(a) should be granted.   Accordingly,

**IT IS ORDERED** Defendant's Motion to Transfer Venue in the above-captioned cause is **GRANTED.**

**IT IS FURTHER ORDERED** this cause of action is hereby transferred to the United States District Court for the Eastern District of New York.

---

**2.**   Section 1404(a) provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**3.**   Section 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.