**Fred "Rerun" BERRY**

v.

**SOUL CIRCUS, INC.**

**No. Civ.A. DKC 2002–0227.**

United States District Court,
D. Maryland.

Feb. 25, 2002.

---

protection act, unjust enrichment, and false light, Defendant Soul Circus, Inc. ("Soul Circus") has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue or, in the alternative, to transfer this action to the United States District Court for the Northern District of Georgia pursuant to the doctrine of *forum non conveniens* and 28 U.S.C. § 1404(a). The primary basis for Defendant's motion is a forum selection clause in the Performer Agreement. The issues have been fully briefed. No hearing is deemed necessary, and the court now rules pursuant to Local Rule 105.6. For the reasons set forth below, the court shall DENY the motion to dismiss and GRANT the motion to transfer this action to the Northern District of Georgia.

## I. Background

Plaintiff Fred "Rerun" Berry is a resident of Maryland. Defendant Soul Circus has its principal place of business in Georgia. Soul Circus operates a traveling circus known as the Universoul Circus (the "Circus"). In late 2000 or early 2001, Soul Circus approached Berry regarding employment with the Circus for the 2001 tour. On or about January 18, 2001, Berry and Soul Circus entered into a Performer Agreement (the "Agreement") stating that Berry would be employed as a general circus performer with the Circus for a term beginning February 2, 2001 until December 2001. Berry began performing with the Circus in February 2001.

On June 20, 2001, Berry notified Soul Circus that he was performing as "Rerun", but that he was hired to act as a general circus performer. Berry demanded additional compensation for future performances, as well as an amendment to the Performer Agreement regarding his attire.

Jimmy A. Bell, Law office of Jimmy A. Bell, P.C., Upper Marlboro, MD, for plaintiff.

Adam Craig Harrison, Steven L. Tiedemann, Adam C. Harrison PC, Towson, MD, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

In this action alleging invasion of privacy, a violation of the Maryland consumer

Paper No. 3, Ex. 2. On July 2, 2001, Soul Circus replied that the basis for Berry's employment was to perform as "Rerun" and if that is in dispute, then there was no meeting of the minds and the contract is void. Paper No. 3, Ex. 1. Thereafter, Berry contends that Soul Circus has illegally used his likeness and image in media advertising. Soul Circus, on the other hand contends that its use of Berry's image and likeness were explicitly authorized by the Agreement.

On January 23, 2002, Berry filed this complaint alleging invasion of privacy, appropriation of name and likeness, violation of Maryland Consumer Protection Act, unjust enrichment, and false light. Defendant filed the presently pending motion to dismiss on the basis that the claims arise out of the forum-selection clause in the Performer Agreement.

## II. Analysis

Defendants have moved to dismiss under Rule 12(b)(3) or, in the alternative, to transfer under 28 U.S.C. § 1404(a). Rule 12(b)(3) provides that a claim may be dismissed on the grounds of "improper venue." Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Court held that federal law governs the "District Court's decision whether to give effect to the parties' forum-selection clause and transfer

this case." The Court stated that § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart*, 487 U.S. at 29, 108 S.Ct. 2239 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). According to *Stewart*, the "forum-selection clause ... should receive neither dispositive consideration, nor no consideration, but rather the consideration for which Congress provided in § 1404(a)," as only one relevant factor. 487 U.S. at 31, 108 S.Ct. 2239.[1]

■ In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Enforcement is unreasonable only when (1) agreement to the forum-selection clause was induced by fraud or overreaching, (2) "enforcement would contravene a strong public policy of the forum in which suit is brought," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of his day in court." *Id.* at 12–19, 92 S.Ct. 1907.

■ The court must determine whether the forum-selection clause at issue applies to the claims asserted and, if it applies, whether it is mandatory or permissive.[2] The Performer Agreement provides:

1. State law would govern the enforceability of the forum selection clause under a Rule 12(b)(3) analysis. Both Georgia and Maryland, however, have adopted the *Bremen* approach, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), making the distinction immaterial.

2. If the clause is merely permissive, it has little effect; if mandatory, it could be enforced as required by *Bremen*. *See Florida Polk County v. Prison Health Servs., Inc.* 170 F.3d 1081, 1083 n. 8 (11th Cir.1999); *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir.1993); *Keaty v. Freeport In-*

This Agreement shall be interpreted, construed, and governed by and under the laws of the State of Georgia and any action hereunder shall be brought within the courts located in the State of Georgia.

Paper No. 7, Ex. A, Add. 1, ¶ 29.

The court must first determine whether the forum-selection clause in the Performer Agreement applies to the tort actions as alleged in the complaint. "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir.1988). *See also K & V Scientific Co. v. BMW*, 164 F.Supp.2d 1260, 1263 (D.N.M.2001) ("The general rule is that when an action arises from a contract or contractual relationship between two parties the choice of forum clause in that contract governs the parties' tort as well as contract claims.") Here, the court must look to the terms of the Agreement to determine whether Soul Circus was in violation of the Agreement by requiring Berry to perform as "Rerun". "The claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.* Berry's claim of unjust enrichment directly relates to the contract, as he asserts that Soul Circus only compensated him as a general circus performer, according to the terms of the Agreement, and not as "Rerun". Paper No. 1, ¶ 55.

Second, the clause is mandatory ("any action hereunder *shall* be brought"), "because it requires an absolute submission by them to the jurisdiction of whichever of these fora that [Plaintiff] chooses." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n. 24, (11th Cir.1999) (emphasis added).

*donesia, Inc.*, 503 F.2d 955, 956–57 (5th Cir.

ed). Thus, the forum selection clause applies to the tort claims here and would require adjudication in Georgia, unless Plaintiff establishes good cause to the contrary.

The burden is on the party bringing the suit in a forum other than the contractually agreed one, to make a "strong showing that [the forum clause] should be set aside." *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907. Plaintiff argues that the forum-selection clause is invalid because Defendant voided the contract in the letter dated July 2, 2001. Soul Circus's letter states that there was "no meeting of the minds" between it and Berry so, therefore, the Agreement would be deemed void. Paper No. 10, Ex. 2. Plaintiff argues that because the Agreement is void, the forum-selection clause is void as well.

Soul Circus never stated that the contract was void retroactively or *ab initio*, only that it was void for future engagements. For example, Soul Circus never asked Berry to return the wages he was paid as they would if the Agreement never existed. Further, Berry never argues that he signed the Agreement under fraud or duress, conditions that might warrant disregarding the forum-selection clause. In addition, Berry does not claim that the clause contravenes a strong public policy of Maryland or that a trial in Georgia will deprive him of his day in court. Finally, Berry indicated on his Civil Cover Sheet filed with his Complaint that the suit was for breach of contract. Paper No. 1. Therefore, the forum-selection clause in the Agreement is applicable to the tort claims raised here by Berry.

Although the forum-selection clause is applicable to the tort claims, it would be too punitive at this stage of the litigation, with a pending motion for pre-

1974) (per curiam).

liminary injunction, to dismiss the action entirely under Rule 12(b)(3). Dismissal would require Plaintiff to begin anew, filing a new complaint and obtaining service of process (or waiver.) Instead, the court will consider whether to transfer the action under § 1404(a). Section 1404(a) is more appropriate as it "encompasses consideration of the parties' private expression of their venue preferences." *Stewart*, 487 U.S. at 29–30, 108 S.Ct. 2239. While a "plaintiff's choice of forum is ordinarily afforded considerable weight," it is but one factor in the analysis governing transfer under § 1404(a). *Dicken v. United States*, 862 F.Supp. 91, 92 (D.Md.1994). Plaintiff has not provided any evidence to tip the balance in his favor, other than originally filing in this forum, against transferring this action to the Northern District of Georgia. The convenience of witnesses and parties seems to favor neither state, as witnesses and parties for both sides are in Georgia and Maryland. Therefore, the one factor that weighs heavily in favor of Georgia is the forum selection clause in the Performer Agreement, providing that the forum will be in Georgia. Therefore, pursuant to § 1404(a), this action will be transferred to the United States District Court for the Northern District of Georgia.

### III. Conclusion

Plaintiff has simply failed to establish any grounds for disregarding the forum-selection clause in the Performer Agreement. The court finds that enforcement of the clause is reasonable and shall transfer the claims against Soul Circus to the United States District Court for the Northern District of Georgia. A separate order will be entered.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this _____ day of February, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Defendant Soul Circus, Inc. to dismiss BE, and the same hereby IS, DENIED;

2. The motion of Defendant Soul Circus, Inc. to transfer BE, and the same hereby IS, GRANTED;

3. This case BE, and the same hereby IS, TRANSFERRED to the United States District Court for the Northern District of Georgia; and

4. The Clerk is directed take all necessary steps to transfer this case expeditiously, and to transmit a copy of this Order and the accompanying Memorandum Opinion to counsel for the parties and CLOSE this case.