[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11294
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-01071-WHA-WC


WARREN A. STILES, M.D.,
TONYA MARIE STILES,

                                                    Plaintiffs–Appellants,

versus

BANKERS HEALTHCARE GROUP, INC.,

                                                    Defendant–Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 26, 2016)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In 2012, defendant Bankers Healthcare Group, Inc. and plaintiff Dr. Warren Stiles entered into an agreement whereby Defendant loaned Plaintiff approximately $331,000 and, in return, Plaintiff executed a note and personal guaranty for the total sum, including principal and interest, of $584,284.68.  In 2014, Defendant notified Dr. Stiles that due to his failure to satisfy his payment obligations, Defendant was filing suit in the agreed-upon forum in New York State.  Shortly thereafter, Dr. Stiles, along with his wife Tonya Stiles (collectively, "the Plaintiffs"), filed the present lawsuit in the Middle District of Alabama, alleging that Defendant had violated various disclosure obligations imposed on a lender in a consumer loan transaction by the federal Truth-in-Lending Act and had also acted both negligently and fraudulently, in violation of state law.  Plaintiffs sought damages and a declaratory judgment that would "void" the loan transaction, as well as any obligation that it imposed on Dr. Stiles to repay the money he had borrowed.

Based on a forum-selection clause in the agreement that did not include the Middle District of Alabama, Defendant moved to dismiss Plaintiffs' complaint. The district court granted Defendant's motion, and Dr. and Mrs. Stiles now appeal. After reviewing the record and considering the parties' arguments, we affirm the district court.

## I.    <u>BACKGROUND</u>

In 2008, after receiving Defendant's solicitations for a pre-approved loan, Dr. Stiles decided to finance the payment of substantial taxes he owed.  He was told that he could obtain a commercial loan and use as collateral his Opelika, Alabama medical practice, East Alabama Ear Nose and Throat, P.C.  To that end, he executed a security agreement granting Defendant, among other things, "a security interest in all of the right, title and interest of Debtor in" his inventory, instruments, equipment, accounts, fixtures and in "All Property of Debtor."  The promissory note, personal guaranty by Dr. Stiles, and security agreement listed the medical practice's address and named the "Debtor" as Warren A. Stiles d/b/a Warren A. Stiles, M.D.  Dr. Stiles' wife was not a party to the agreement.

In 2012, Dr. Stiles renewed the loan on what he thought were the same terms as the 2008 loan.  He was told that if he failed to sign and return the documents within 24 hours, "the deal would fall apart."  He read the documents he received by email and signed and returned them as quickly as possible because he again faced a large tax bill.  Mrs. Stiles was not a party to the agreement.

As with the 2008 agreement, the 2012 agreement names the Debtor as "Warren A. Stiles d/b/a Warren A. Stiles, M.D," and its terms, in fact, are similar to those found in the 2008 agreement.  But although the address attributable to him as the debtor in the 2008 agreement was 1965 1st Avenue, the address attributed to

3

him in the 2012 agreement was 314 Third Avenue.  The "First Avenue" address is where Dr. Stiles operates his medical practice; the "Third Avenue" address is the residence for him and his wife.

Plaintiffs contend that the presence of Dr. Stiles' home address on the 2012 document "transform[ed] the loan from a commercial loan to a consumer loan," thereby imposing on Defendant disclosure obligations under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, which obligations Defendant failed to meet. They specifically contend that this transformation occurred because the use of Dr. Stiles' home address on the document meant that Defendant could now treat the family's personal residence as collateral, giving Defendant a security interest in Plaintiffs' home.  Finally, Plaintiffs contend that Defendant should have known that the address it listed (on the loan agreement that Dr. Stiles signed) was actually Dr. Stiles' residential address.[1]

As noted, the loan agreement also includes a forum-selection clause providing, in relevant part, "Venue for any action brought hereunder, shall be the choice of the Creditor, and shall be limited to either Onondaga County, New York or Broward County, Florida."  So, when Dr. Stiles defaulted on the loan,

---

[1]  Defendant notes the absence of any evidence that it ever recorded a mortgage or otherwise obtained a security interest on Dr. Stiles' residence.  Defendant further avers that Dr. Stiles was the source of the address that was placed on the 2012 agreement.  Ultimately, any dispute about the actual existence of a security interest or Dr. Stiles' role in supplying this address to Defendant is not material to the narrow issue before us on appeal:  whether the forum-selection clause in the agreement may be enforced.

Defendant informed him that it intended to file a debt-collection action against him in the state court of Onondaga County, New York, and sent him a copy of the complaint.

A few days later, Plaintiffs filed this present action against Defendant in the Middle District of Alabama, asserting claims based on Defendant's failure to comply with TILA, including its failure to accurately identify property subject to the security interest, to make required disclosures about finance charges and the amount financed, and to provide notice of the right to rescind the loan.  Plaintiffs further sought a declaratory judgment that the agreement was unlawful and void, and they brought state-law claims of unjust enrichment, negligence, wantonness, fraudulent misrepresentation, and slander of title.

Defendant filed a motion to dismiss for *forum non conveniens* invoking the forum-selection clause in the loan contract, which clause applies to "any action brought hereunder."  The district court found the forum-selection clause enforceable and it therefore dismissed Plaintiffs' complaint.  Plaintiffs appeal and advance three primary arguments in opposition to dismissal of their action:  (1) the TILA claims are outside the scope of the forum-selection clause; (2) Mrs. Stiles is not bound by the forum-selection clause because she is not a party to the loan agreement; and (3) the district court misapplied the public-interest factors in its *forum non conveniens* analysis.

5

## II.    STANDARDS OF REVIEW

We review a district court's order of dismissal based on *forum non conveniens* for an abuse of discretion.  *Aldana v. Del Monte Fresh Produce N.A.*, 578 F.3d 1283, 1288 (11th Cir. 2009).  In addition, we review *de novo* a district court's construction of a contractual forum-selection clause.  *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004).

## III.    DISCUSSION

In *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, the Supreme Court held that a motion to dismiss for *forum non conveniens* is the appropriate means to enforce, in federal litigation, a valid forum-selection clause calling for litigation of disputes in a non-federal forum.[2]  134 S. Ct. 568, 580 (2013).  Under the doctrine of *forum non conveniens*, a court has discretion to dismiss a case over which it otherwise has jurisdiction in the interest of convenience, fairness, and judicial economy.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007).  To obtain dismissal

---

[2]  Although the Supreme Court decided *Atlantic Marine* in the context of a transfer motion under 28 U.S.C. § 1404(a), the Court noted that "the same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums."  134 S. Ct. at 583 n.8.

The parties do not dispute that the forum-selection clause here calls for litigation in a non-federal forum.  We therefore proceed on that assumption and do not consider whether the clause laying venue in "either Onondaga County, New York or Broward County, Florida" could also be read to encompass federal courts in those counties.  *Cf. Global Satellite*, 378 F.3d at 1272–74 (finding a forum-selection clause laying venue in Broward County, Florida, ambiguous "because it name[d] only a geographical unit, host to several forums," without specifying a particular court in that county).

based on *forum non conveniens*, "[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001).

Here, Plaintiffs do not argue that the forum-selection clause is unenforceable or was entered into as a result of fraud or overreaching.[3] *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998) (describing the circumstances under which a forum-selection clause is unenforceable). Nor do they argue that an adequate alternative forum is unavailable or that reinstatement of their suit in that forum would create undue prejudice. They likewise do not challenge the clause's applicability to their state law claims based on negligence and fraud. Instead, they challenge the applicability of the clause only as to their TILA claims. In addition, they dispute its binding effect on Mrs. Stiles and disagree with the district court's analysis of the public-interest factors. We first address the scope of the clause before turning to the *forum non conveniens* analysis.

---

[3] While Plaintiffs contend that the loan agreement itself is void due to Defendant's allegedly fraudulent conduct, they do not argue that these general allegations of fraud render the forum-selection clause unenforceable. Nor would they fare well if they did. Our precedent provides that a plaintiff seeking to avoid enforcement of a forum-selection clause based on fraud must show that "the choice clause itself was included in the contract due to fraud," not simply that there is a dispute regarding fraud arising from the transaction. *See Lipcon*, 148 F.3d at 1296.

A.    Whether the TILA Claims Fall Within the Scope of the Forum-Selection Clause

To determine if a forum-selection clause encompasses a particular type of claim, we look to its language. *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011). According to Plaintiffs, the clause designating venue for "any action brought hereunder" applies only to claims concerning the parties' contractual obligations. They further argue that because TILA claims relate to Defendant's duties under a federal statute, not the contractual obligations of the parties, these claims fall outside the scope of the loan agreement.

We find Plaintiffs' interpretation of the word "hereunder" too restrictive.[4] Generally, "hereunder" means "[i]n accordance with this document." Black's Law Dictionary (10th ed. 2014). "Accordance" means "agreement" or "conformity." Webster's II New Riverside University Dictionary (1988). These terms suggest that the clause covers not only breach of contract claims but all claims, including statutory claims, that arise from the contractual relationship between the parties.

Indeed, courts have typically interpreted similar language as not being limited to claims asserting only a breach of contract. *See, e.g.*, *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 693–94 (8th Cir. 1997) (finding that "hereunder" means "under this agreement" and encompasses tort claims that are brought

---

[4] Although the contract provides that Florida law governs, we have been unable to find a Florida case that construes the term "hereunder" as it is used in the contract in this case. For this reason, we turn to other sources.

8

parallel to a breach of contract claim); *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329–30 (S.D.N.Y. 2008) (noting that the phrase "all disputes arising hereunder" is similar in scope to the phrase "arising out of"); *Berry v. Soul Circus, Inc.*, 189 F. Supp. 2d 290, 294 (D. Md. 2002) (finding that tort claims were covered under a clause stating that "any action hereunder shall be brought within the courts located in the State of Georgia"); *Warnaco Inc. v. VF Corp.*, 844 F. Supp. 940, 947–49 (S.D.N.Y. 1994) (finding that a clause covering "[a]ny dispute or issue arising hereunder" applied to statutory and tort claims because "they involved rights and duties arising out of the Termination Agreement"); *Picken v. Minuteman Press Int'l, Inc.*, 854 F. Supp. 909, 911 (N.D. Ga. 1993) ("Reading the word 'hereunder' to apply only to a pure breach of contract claim between the parties would be unduly crabbed and narrow.  'Hereunder' refers to the relations that have arisen as a result of this contract.").

Indeed, in *Slater v. Energy Services Group International, Inc.*, 634 F.3d 1326, 1330–31 (11th Cir. 2011), we held that plaintiff-employee's suit asserting federal statutory rights under Title VII was within the scope of a forum-selection clause in an employment contract applicable to "all claims or causes of actions relating to or arising from the employment agreement."  In doing so, we rejected plaintiff's argument that the clause encompassed "only breach-of-contract claims directly relating to the employment agreement."  *See also Coastal Steel*

9

*Corporation v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983)

(finding that tort claims are covered by a forum-selection clause when the claims

"ultimately depend on the existence of a contractual relationship" between the

parties), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495

(1989).[5]

We find the above reasoning persuasive.  And because Defendant's alleged

obligations under TILA, if any, assume the existence of a contract that lacks the

necessary disclosures mandated by that statute, we therefore interpret "hereunder"

to encompass Plaintiffs' TILA claims.  Indeed, although Plaintiffs insist that their

TILA claims seek to enforce a statutory duty of disclosure that is independent from

any contractual obligation owed by Defendant, they implicitly acknowledge that

these TILA claims are viable only if a court accepts Plaintiffs' construction of the

contract:  specifically, that the 2012 loan agreement created a consumer loan, not a

---

[5] Plaintiffs rely on *Bahamas Sales Associate, LLC v. Byers*, 701 F.3d 1335 (11th Cir. 2012), but that case is factually and legally distinguishable.  In *Byers*, the defendant-debtor was sued on a note he executed pursuant to a real estate purchase contract that contained a forum-selection clause designating venue in the Bahamas for any legal action related to the lot-purchase contract. The defendant-debtor filed a counterclaim against entities that were not parties to the lot purchase contract, alleging their commission of fraud in connection with appraisal of the property.  On these facts, we concluded that the forum-selection clause did not apply to the counterclaim, given the fact that the entities sued under the counterclaim (and who were seeking enforcement of the clause) were not parties to the lot purchase contract giving rise to the clause and the fact that the claimed appraisal fraud had no direct relationship with the purchase contract. *Id.* at 1341.

Here, by contrast, Defendant is clearly a party to the agreement containing the forum-selection clause and, as we have explained *infra*, any disclosure obligations imposed by TILA necessarily presume the existence of an agreement that omitted the specified disclosures.

commercial one.  In short, Plaintiffs' complaint is appropriately considered an action brought under the loan agreement because it will require a court to construe the operation and effect of the contract's terms.  *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) ("Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract.").

Moreover, a reading of "hereunder" to encompass Plaintiffs' TILA claims makes practical sense given that the forum-selection clause clearly applies to Plaintiffs' fraud and negligence claims, which claims are based on the same core facts and essentially the same legal argument as the TILA claims.  Specifically, these fraud and negligence claims will also require a court to construe the contract to decide, as a legal matter, whether Defendant entered into a commercial or consumer loan with Dr. Stiles.  Without a determination that a consumer loan resulted from the parties' dealings, Dr. Stiles' argument that he was deceived into signing a consumer loan disguised as a commercial loan will presumably go nowhere, and if that is so, any assertion that Defendant had a duty to make TILA disclosures will thereby be similarly impacted.  Thus, many, if not all, of the same facts underlie both the TILA and fraud-related claims.  And notably, if Plaintiffs were to succeed on their argument here, claims predicated on the same facts and legal arguments would be litigated in different forums, with the TILA claims being

11

litigated in Alabama and all other claims by Dr. Stiles being litigated in Onondaga County, New York.  Such a result would eviscerate the parties' bargained-for choice of forum to litigate any action brought under the loan agreement.  *See Picken*, 854 F. Supp. at 911–12 (noting that "a restrictive reading [of 'hereunder'] would frustrate commercial reliance on such clauses which are encouraged").

In short, we conclude that the forum-selection clause agreed to by both parties to the contract applies to the claims asserted in Plaintiffs' present lawsuit.

B.    Whether Mrs. Stiles Is Bound by the Forum-Selection Clause

We next consider whether Mrs. Stiles, who is not a party to the loan agreement, must also litigate her claims in the chosen forum.  "In order to bind a non-party to a forum selection clause, the party must be closely related to the dispute such that it becomes foreseeable that it will be bound."  *Lipcon*, 148 F.3d at 1299 (internal quotation marks omitted) (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)).  A third party is bound by a forum-selection clause where the party's rights are "completely derivative of those of the [signing party]—and thus 'directly related to, if not predicated upon' the interests of the [signing party]."  *Lipcon*, 148 F.3d at 1299 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir. 1996)).  S*ee also Manetti-Farrow*, 858 F.2d at 514 n.5 ("[A] range of transaction participants, parties and non-parties, should benefit from

12

and be subject to forum selection clauses." (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984))).

Plaintiffs repeat their argument that Mrs. Stiles' TILA claims arise from Defendant's failure to comply with its statutory duties under that statute, not its contractual obligations to Dr. Stiles. And because Mrs. Stiles is not a party to the loan agreement, Plaintiffs contend she cannot be bound by the forum-selection clause. But Plaintiffs' argument is circular. Defendant, the lender, presumably owed disclosure obligations only to those in a position to receive such disclosures: in other words, only to a party to the agreement. As Mrs. Stiles was not a signatory to her husband's loan agreement nor in any way a party to that contract, she would appear to face a threshold problem in pursuing remedies, statutory or otherwise, against Defendant. But assuming that Mrs. Stiles has some viable claim against Defendant under TILA, any such claim is predicated on the same facts as her husband's claims. Therefore, her claims are derivative of and directly related to her husband's, and she is bound by the forum-selection clause.

C.    The District Court's *Forum Non Conveniens* Analysis

Having decided that all of Plaintiffs' claims are covered by the forum-selection clause, we turn to the *forum non conveniens* analysis. When there is a valid forum-selection clause in a contract, the burden is on the plaintiff to show that dismissal of the complaint is unwarranted, and a court may weigh only public

13

interest factors in determining if a plaintiff has met this burden. *See Atl. Marine*, 134 S. Ct. at 581–83. "Only under extraordinary circumstances unrelated to the convenience of the parties" should a court decline to enforce a forum-selection clause. *Id.* at 581; *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (explaining that "an enforceable forum-selection clause carries near-determinative weight" in a *forum non conveniens* analysis). So long as the district court considered all relevant factors, and its balancing of the factors was reasonable, we will give substantial deference to the district court's decision. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

Contrary to Plaintiffs' argument, the district court did not summarily conclude that the public-interest factors required dismissal. The court correctly noted that the public factors relevant to this action include "the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home." *Atl. Marine*, 134 S. Ct. at 581 n.6. In short, the court weighed these factors, and ultimately found that the interest of justice would be best served by holding the parties to their bargain. Moreover, as the district court noted, Plaintiffs' present claims could be asserted as counterclaims in the pending New York suit. The court therefore correctly identified no extraordinary circumstance that should override the valid forum-

14

selection clause.  For all the above reasons, we find no abuse of discretion in the district court's ruling that the clause should be enforced.

## IV.    CONCLUSION

We affirm the district court's dismissal without prejudice of Plaintiffs' complaint.

**AFFIRMED.**