Ford Motor Credit Company ("Ford") has petitioned this Court for a writ of mandamus directing the Honorable Kenneth O. Simon, judge of the Jefferson County Circuit Court, to rule on its Rule 64, A.R.Civ.P., motion for a writ of seizure. The writ is granted.
Ford holds security interests in a number of trucks purchased by Three Coast Carriers, Inc.; Arch Realty, Inc.; and Roy Reese. Ford's Rule 64 motion, through which Ford seeks to obtain possession of these trucks, arose out of a lawsuit presently pending between Ford and these purchasers in the Circuit Court of Jefferson County. The record indicates that Ford has complied with the requirements of Rule 64, but that the trial judge, in an attempt to encourage a settlement of the case, has repeatedly refused to rule on Ford's motion, even though he has been informed that the parties cannot agree on a settlement. A hearing on the motion is presently set for November 2, 1992.
Mandamus is a drastic and extraordinary writ, to be issued only where there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court. While the writ will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner. On the other hand, mandamus is an appropriate remedy when there is a clear showing that the trial judge abused his or her discretion by exercising it in an arbitrary and capricious manner. Exparte Adams, 514 So.2d 845 (Ala. 1987).
Rule 64 required the trial judge in this case to rule on Ford's motion "at the earliest practical time." Rule 64(b)(2)(C). As previously noted, Ford has complied with the requirements of Rule 64 and there appears to be no reasonable basis for the trial judge's continuing delay in ruling on the motion. The parties have made it clear that they cannot reach a settlement. Ford, which is obviously concerned that its collateral may be concealed, transferred, or otherwise disposed of or damaged, is clearly entitled to a ruling.
The trial judge's refusal to rule on Ford's motion, under the facts of this case, constitutes an abuse of discretion and, therefore, Ford is entitled to a writ of mandamus. The trial judge is hereby directed to rule on Ford's motion without further delay.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur. *Page 171