Sheila Gamble moved the Calhoun County Circuit Court for entry of an order addressing the merits of her earlier motion under Rule 60, Ala.R.Civ.P., for relief from a judgment in favor of Bostrom Seating, Inc. ("Bostrom"), on her workers' compensation claim. The trial court denied Gamble's motion as moot, and she appeals. Treating her appeal as a petition for a writ of mandamus, we grant the writ.
Gamble filed a complaint in the trial court seeking workers' compensation benefits based upon an alleged occupational disease. In addition, she sought an award of compensatory and punitive damages for Bostrom's allegedly wrongful termination of her employment in violation of Ala. Code 1975, § 25-5-11.1. In response, Bostrom filed a motion alternatively seeking dismissal of the complaint for failure to state a claim; entry of a summary judgment; or entry of an order requiring Gamble to file a more definite statement. This motion was supported by the affidavit of Bostrom's human resources manager. The trial court denied the motion to the extent that it sought dismissal of the case and ordered Bostrom to file an answer to the complaint; however, it scheduled a later hearing to address the propriety of entering a summary judgment.
Gamble then filed a response in opposition to Bostrom's motion, supported by her affidavit. Subsequently, Bostrom filed a brief in support of its motion for a summary judgment and a motion to strike portions of Gamble's affidavit. On May 28, 1996, the trial court granted Bostrom's motion to strike and entered a summary judgment in favor of Bostrom on both the workers' compensation claim and the wrongful termination claim set forth in the complaint. *Page 69 
On June 26, 1996, Gamble filed a document styled "Motion to Alter, Amend, or Vacate the Granting of Summary [Judgment] for the Defendant or, in the Alternative, Motion for Relief from [Judgment]." In this document, Gamble cited Rules 60(b)(2) and 60(b)(6), Ala.R.Civ.P., and contended that she had newly discovered evidence tending to support her claims; attached to this motion was an affidavit of another Bostrom employee whose averments tended to support Gamble's claims. Bostrom filed a memorandum in opposition to this motion, and the trial court set the motion for hearing. The trial court heard arguments on the motion on September 23, 1996, the day before it would lose jurisdiction to alter, amend, or vacate the judgment pursuant to Rule 59, Ala.R.Civ.P. See Rule 59.1, Ala.R.Civ.P. However, at no time did the trial court issue an order granting or denying Gamble's motion.
On December 23, 1996, Gamble filed two notices of appeal from the trial court's judgment, one addressing the correctness of the judgment as to the workers' compensation claim and one addressing the correctness of the judgment as to the wrongful discharge claim. These appeals were consolidated in this court, but were dismissed as untimely on February 18, 1997.See Rule 4(a), Ala.R.App.P.
Eight days later, Gamble filed in the trial court a document styled "Plaintiff's Motion Requesting an Order on Previously Filed Rule 60 Motion for Relief from [Judgment] and Additional Request for Relief Under Rule 60." This motion requested the trial court "to make a ruling on her [R]ule 60 motion for relief from judgment filed June 26, 1996 on the Workers' Compensation aspects of the case." Bostrom filed a response to this motion in which it contended that this court's dismissal of Gamble's appeal from the underlying judgment mooted her request for a ruling on her alternative request for relief under Rule 60(b). The trial court agreed with Bostrom, and entered an order on July 8, 1997, finding Gamble's request for a ruling to be moot and declining to enter an order concerning her entitlement to relief under Rule 60(b).
Gamble filed a notice of appeal from the trial court's order of July 8, 1997. However, "[u]nless otherwise specified by law, a proper appeal will lie only from a final order or judgment," i.e., "one in which there has been a complete adjudication of all matters in controversy between the parties." Thompson v.Halliwell, 668 So.2d 43, 45 (Ala.Civ.App. 1995). The July 8, 1997, order does not adjudicate all matters in controversy, but merely indicates an unwillingness on the part of the trial court to address the merits of Gamble's alternative claim, pursuant to Rule 60(b), for relief from the underlying judgment. However, "[a]lthough this court generally reviews only final judgments, court policy favors adjudication of cases on their merits. . . . Therefore, we opt to treat [Gamble]'s filing in this court as a petition for writ of mandamus." Exparte Norwood, 615 So.2d 1210, 1212 (Ala.Civ.App. 1992) (citations omitted).
"Mandamus is a drastic and extraordinary writ, to be issued only where there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte Ford Motor Credit Co., 607 So.2d 169,170 (Ala. 1992). In seeking mandamus, "a petitioner may compel only the exercise of judicial discretion; he may not compel aparticular result." Ex parte W.Y., 605 So.2d 1175, 1177 (Ala. 1992) (emphasis in original).
In this instance, Gamble filed a motion seeking relief under both Rule 59(e) (i.e., "to alter, amend, or vacate" the judgment) and Rule 60(b) (i.e., "for relief from" the judgment). We note that at no time has the trial court entered an order expressly addressing the merits of either aspect of her motion. Its power to alter, amend, or vacate the judgment was automatically divested by operation of law on the 90th day after Gamble's motion was filed (Rule 59.1, Ala.R.Civ.P.), and that aspect of the motion was denied by its failure to act. However, a party is entitled to move for relief from a judgment, pursuant to Rule 60(b), after a motion to alter, amend, or vacate pursuant to Rule 59 *Page 70 
has been denied. See, e.g., Blackwell v. Adams, 467 So.2d 680,682-83 (Ala. 1985) (reversing the denial of a Rule 60(b) motion premised upon the trial court's belief that the motion for relief from judgment, which was filed after the denial of a Rule 59 motion, was a "second collateral attack" on the judgment).
Moreover, while it frowns upon the practice, Alabama law allows a party to join a request for relief from judgment under Rule 60(b) with a request for a post-judgment remedy affected by Rule 59.1's 90-day "automatic denial." See Ex parte Vaughan,539 So.2d 1060 (Ala. 1989). In Vaughan, our Supreme Court considered the propriety of a motion seeking an order pursuant to Rule 55(c), Ala.R.Civ.P., setting aside a default judgment and alternatively seeking relief from the judgment pursuant to Rule 60(b). Relying upon its earlier opinion in Ex parte Lang,500 So.2d 3, 5 (Ala. 1986), the Vaughan court concluded that such a motion seeking alternative relief was not precluded by the Rules of Civil Procedure, although "the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case." 539 So.2d at 1061.
Just as a motion to set aside a default judgment pursuant to Rule 55(c) is ordinarily deemed denied when the trial court does not rule upon it for 90 days, a similar delay in ruling upon a Rule 59(e) motion to alter, amend, or vacate constitutes a denial thereof. "[U]pon that denial, [the underlying judgment becomes] 'final' within the contemplation of Rule 60(b)."Lang, 500 So.2d at 4. Thus, at the time Gamble's motion to alter, amend, or vacate was denied by operation of law, her alternative Rule 60(b) motion "quickened and became a pending motion . . . without the necessity of a refiling," and the trial court was thereafter free to consider whether to grant Rule 60(b) relief. Id. at 4-5.
As we have stated, the trial court's July 8, 1997, order concludes that this court's dismissal of her appeal from the underlying judgment rendered her request for relief from that judgment moot. However, Blackwell, Lang, and Vaughan make it clear that Gamble's alternative Rule 60(b) motion was properly before the trial court as of the date her motion to alter, amend, or vacate the judgment was denied by operation of law. Thus, Gamble has a clear legal right to an order either granting or denying her Rule 60(b) motion for relief from the judgment, and the trial court has a corresponding duty to enter such an order; however, its July 8, 1997, order indicates that it has refused to do so. Compare Ford Motor Credit, supra, 607 So.2d at 170 (mandamus issued to compel ruling by trial court on creditor's motion for a writ of seizure where trial court refused to rule on motion in an attempt to encourage settlement of the dispute). Moreover, we note that Gamble currently lacks any adequate remedy, other than mandamus, to secure a ruling on her request for relief from the judgment, and that this court has original jurisdiction to issue writs of mandamus in cases, such as this one, that involve workers' compensation benefits and that therefore fall within our exclusive appellate jurisdiction. Ala. Code 1975, §§ 12-3-10, 12-3-11.
Therefore, treating Gamble's appeal as a petition for a writ of mandamus, we grant the writ and direct the trial court to render, within 60 days of the date of this court's certificate of judgment, an order addressing the merits of Gamble's motion for relief from the trial court's May 28, 1996, judgment. In doing so, we expressly disavow any opinion concerning whether Gamble's motion should or should not be granted; "[w]hile the writ [of mandamus] will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner." Ford MotorCredit, supra, 607 So.2d at 170 (emphasis added).
WRIT GRANTED.
MONROE, CRAWLEY, and THOMPSON, JJ. concur.
YATES, J., concurs in the result. *Page 71