Charlotte SMITH and Linda Burke, Plaintiffs,

v.

**PROFESSIONAL CLAIMS, INC., Cynthia O'Brien, President Professional Claims, Inc.; Todd Deming; Ann Deming; Bruce Deming; et al., Defendants.**

No. Civ.A. 97–A–1656–N.

United States District Court, M.D. Alabama, Northern Division.

Sept. 23, 1998.

---

Charles A. Graddick, Graddick, Belser & Nabors, P.C., Montgomery, AL, for Plaintiffs.

Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, for Defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on a Motion to Dismiss or in the Alternative Motion to Compel Arbitration filed by the defendants on December 1, 1997. Defendants have moved to dismiss this suit on the basis of a forum selection clause included in an agreement signed by one of the plaintiffs. For the reasons which follow, this motion is due to be GRANTED.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows defendants to challenge the propriety of the venue selected by Plaintiffs by filing a motion to dismiss on the ground of improper venue. See Fed.R.Civ.Proc. 12(b)(3). The evaluation of such a motion involves issues of fact which must be resolved by limited evidentiary submissions. See, e.g., Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir.1990), cert. den., 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 447 (1991).

## III. FACTS

In January 1997, plaintiffs Charlotte Smith and Linda Burke read an advertisement in a Montgomery newspaper. The advertisement promoted a seminar which offered instruction on starting an electronic insurance billing service. Ms. Smith and Ms. Burke attended the seminar, which was sponsored by defendant Professional Claims, Inc. Ms. Smith and Ms. Burke were required to submit an application and pay a substantial amount of money in exchange for an opportunity to attend a second session hosted by the defendants, and additional information, including the necessary documents to start a billing service.

Ms. Smith and Ms. Burke paid the defendants and attended the second session. After that session, they determined that they had not received the electronic insurance billing system which had been described to them at the first seminar. Furthermore, the plaintiffs assert that they never received all of the necessary documents and software programs to start their own electronic insurance billing service.

Ms. Smith and Ms. Burke filed suit in the Circuit Court of Montgomery County, alleging fraud, misrepresentation, and violations of the Alabama Deceptive Trade Practices Act. The case subsequently was removed to this court on the basis of diversity of citizenship.

The defendants have produced two documents, both dated January 9, 1997, that contain Charlotte Smith's purported signature. One is entitled "Business Opportunity Purchase Agreement"; the other is labeled "Software License Agreement." The Business Opportunity Purchase Agreement contains the following term:

> 11. Any dispute under this Business Opportunity Purchase Agreement must be settled by arbitration before the American Arbitration Association in accordance with their rules and procedures. Judgment on the award of the American Arbitration Association may be entered in any court of competent jurisdiction. This Business Opportunity Purchase Agreement is governed and interpreted under the laws of the State of South Carolina, without regard to principles of conflict of laws, except for the South Carolina Business Opportunity Sales Act, under which jurisdiction must be independently established. Any proceeding must be brought only in Lexington County, South Carolina. Seller's agent for service of process is Corporate Services Center, Suite E, 1475 Terminal Way, Reno, Nevada 89502.

Item seventeen in the Software License Agreement is an identical provision.[1]

Ms. Smith does not contest that the documents produced by PCI contain her signature. Instead, the plaintiffs allege that "Defendants fraudulently concealed the arbitration clause, never provided Plaintiffs with a copy of the arbitration clause, never provided Plaintiffs with a copy of the signed, executed above documents containing the arbitration clause, and did not discuss nor reveal the existence of the arbitration clause to Plaintiffs at any time."[2]

## IV. DISCUSSION

The plaintiffs essentially attack the clause at issue on two grounds: (1) the clause was not part of the contract because of a lack of mutual assent or unconscionability, and (2) the clause resulted from defendants' fraud and overweening bargaining power and should not be given effect. The first contention implicates general principles of contract law, while the second involves issues specific to the enforcement of a forum selection clause.

### A. Lack of Mutual Assent and Unconscionability

■■■■ First, the plaintiffs assert that they could not have intended for the forum selection clause to become part of the contract because they "never agreed to contract over such a clause." Alabama law provides that "a person who signs a contract is on notice of the terms therein and is bound thereby even if he or she fails to read the document." *Locklear Dodge City, Inc. v. Kimbrell,* 703 So.2d 303, 306 (Ala.1997). The forum selection clause was a term in the agreements which Ms. Smith signed. Ms. Smith is bound to the terms of the contract, and the forum selection clause will not drop out of the contract for lack of mutual assent.

■■■■ The plaintiffs also argue that the clause was unconscionable because the defendants did not disclose the clause and the plaintiffs had no meaningful choice to agree with or disavow the agreement. Alabama law does not provide an explicit standard for unconscionability. As guidance, the Alabama Supreme Court has stated, "In addition to finding that one party was unsophisticated and/or uneducated, a court should ask (1) whether there was an absence of meaningful choice on one party's part, (2) whether the contractual terms are unreasonably favorable to one party, (3) whether there was unequal bargaining power among the parties, and (4) whether there was oppressive, one-sided, or patently unfair terms in the contract."

---

1. The provision in the Software License Agreement uses the word "Agreement" in place of "Business Opportunity Purchase Agreement" but is otherwise identical.

2. The plaintiffs never refer specifically to the forum selection clause in their brief in opposition to the motion to dismiss. The plaintiffs make several arguments as to why the arbitration clause should not be given effect. Because the forum selection clause is part of the provision requiring that all disputes be submitted to arbitration, this court deems these arguments applicable to the forum selection clause.

*Layne v. Garner*, 612 So.2d 404, 408 (Ala. 1993).

■■■ The opinions which address the issue make clear that the doctrine of unconscionability is reserved for egregious cases. *See, e.g., Wilson v. World Omni Leasing, Inc.*, 540 So.2d 713, 717 (Ala.1989) ("Rescission of a contract for unconscionability is an extraordinary remedy usually reserved for the protection of the unsophisticated and the uneducated."). Ms. Smith has not asserted that she was unsophisticated or uneducated or in need of special protection from the terms of a contract which she could have read. She has produced no evidence of fraud, other than conclusory allegations, in relation to the clause. She bases her unconscionability argument on the nature of the contract as one of adhesion. That argument alone is insufficient to meet the heavy burden a plaintiff must show to prove unconscionability. The forum selection clause is not unconscionable under these facts and remains a part of the contract.

B. Issues Specific to the Forum Selection Clause

The present suit is before the court on diversity jurisdiction. It is not clear whether féderal or state law governs the validity of forum selection clauses in federal diversity actions. *See, e.g., Amermed Corp. v. Disetronic Holding AG*, 6 F.Supp.2d 1371, 1373 (N.D.Ga.1998) ("Federal courts are split as to whether state or federal law should govern enforcement of a forum selection clause when a federal court is sitting in diversity. Scholars are similarly adrift."). This court does not have to resolve that issue because the standard is now the same under Alabama and federal law.

■■ Under the federal approach, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Alabama Supreme Court recently adopted the federal approach set forth in *Bremen. See Professional Ins. Corp. v. Sutherland*, 700 So.2d 347, 350 (Ala.1997) ("[W]e now adopt the majority rule that a forum selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances.").

Borrowing language from *Bremen,* the Alabama Supreme Court held that a plaintiff contesting enforcement of a forum selection clause has "the burden of showing either (1) that enforcement of the forum selection clause would be unfair on the basis that the contracts in this case were affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen ... forum would be seriously inconvenient for the trial of the action." Id. at 352.

■■■ The first test concerning the validity of the forum selection clause at issue in this case is whether enforcement would be unfair because of fraud, undue influence, or overweening bargaining power. Ms. Smith and Ms. Burke assert that the defendants fraudulently concealed the clause. But the plaintiffs have produced no evidence of fraudulent concealment. A conclusory statement that the plaintiffs never agreed to contract over such a clause is not sufficient to negate the effect of a term in the agreements signed by Ms. Smith.

■■ The plaintiffs further assert that the clause was part of an adhesion contract, and the plaintiffs had no meaningful choice because the defendants did not disclose the clause. These allegations essentially make the case that the forum selection clause is unfair because of the defendants' overweening bargaining power. A forum selection clause does not become unenforceable simply because it is part of an adhesion contract. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–88, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *see also Tisdale v. Shell Oil Company*, 723 F.Supp. 653, 655 (M.D.Ala. 1987).

In *Carnival Cruise Lines,* the Supreme Court enforced a forum selection clause printed on the back of a cruise ticket. The Court noted that the ticket was a form contract and the purchaser lacked equal bargaining power. Nevertheless, the Court

refused to adopt an appellate court's determination that a nonnegotiated forum selection clause should not be enforced "simply because it is not the subject of bargaining." *Carnival Cruise Lines*, 499 U.S. at 593, 111 S.Ct. 1522. Instead, the Court listed several reasons why a cruise line legitimately might include a forum selection clause, such as limiting the fora in which it could be subject to suit, dispelling confusion about where suits must be brought, and reducing its fares. *See id.* at 593-94, 111 S.Ct. 1522. Additionally, the Court determined that the clause met with fundamental fairness because of its connection to the Defendants' principal place of business and the lack of any evidence of fraud or bad faith. *See id.* at 595, 111 S.Ct. 1522.

In *Tisdale*, Judge Thompson held that a forum selection clause in an employment contract was enforceable, requiring an Alabama citizen to litigate his claims in Saudi Arabia. *See Tisdale*, 723 F.Supp. at 653-54. The contract was a "form" contract and the forum selection clause could be considered as part of the "boilerplate." *Id.* at 655. Judge Thompson held that "such contracts are not automatically unenforceable, though in reviewing such contracts a court must be very sensitive to the strong possibility of overweening bargaining power." *Id.* The court upheld the validity of the clause in light of the plaintiff's educational background and the absence of any direct evidence of "pressured salesmanship or unfair bargaining power." *Id.* at 656.

■ The forum selection clause in the agreements signed by Ms. Smith mandates that any proceeding be brought in Lexington County, South Carolina. Columbia, South Carolina is the principal place of business for the corporate defendant. Under the reasoning of *Carnival Cruise Lines*, this choice of forum is reasonable and comports with fundamental fairness. Moreover, Ms. Smith has produced no evidence that she is uneducated or unsophisticated. Nor has she shown that the defendants exerted unfair bargaining power or pressured salesmanship. In the absence of any direct evidence of fraud or overweening bargaining power, this court finds that the forum selection clause was not

so unfair as to be unenforceable under the first test for the validity of such clauses.

The second test asks whether enforcement would be unreasonable on the basis that the chosen forum would be seriously inconvenient for the trial of the action. To meet this requirement, a plaintiff must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907. Ms. Smith and Ms. Burke have produced no evidence of grave difficulty or inconvenience resulting from bringing suit in the contractual forum. This court finds that the forum selection clause is not so unreasonable as to preclude enforcement. The clause is valid and will be enforced.

## C. Scope of the Forum Selection Clause

There are two issues concerning the scope of the forum selection clause which the court must resolve: (1) whether the clause reaches the tort claims which the plaintiffs assert, and (2) whether the clause binds Ms. Burke, who did not sign the agreements.

■ First, this court finds that the forum selection clause does apply to the tort claims presented in this case. Under the language of the provision, the forum selection clause applies to any dispute "under" the agreements. Courts have reached different conclusions on the scope of similarly-worded forum selection clauses. *See Terra Intl., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 693-94 (8th Cir.1997) (analyzing cases addressing the applicability of forum selection clauses to tort claims).

In *Terra*, an Eighth Circuit Court determined that a forum selection clause covering any dispute "arising between the parties hereunder" applied to a plaintiff's product liability claims. The court discussed various standards utilized by other circuits when determining the proper scope of a forum selection clause. *See id.* at 694. Ultimately, the court followed the First Circuit's approach that tort claims "involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *See id.* at 694-

95 (citing *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir.1993)).

■ The general principle evident from the court's discussion in *Terra* is that whether a forum selection clause applies to a tort claim depends on the relation of the tort claim to the contract. In *Picken v. Minuteman Press Intl., Inc.*, 854 F.Supp. 909 (N.D.Ga.1993), a district court determined that a franchisee's claims for fraud and deceit were covered under a forum selection clause which applied to "any litigation commenced by either party hereunder." The court stated:

> [T]he mere allegation of fraud in the complaint should not determine the enforceability of a forum selection clause. Plaintiffs allege fraud in the inducement. This type of fraud attacks the underlying transaction as having been deceitful. It does not attack the language of the contract itself. This is to be distinguished from fraud in factum in which a party is tricked into assenting without understanding the significance of his action. Plaintiffs are not arguing that they did not understand what the contract itself stated. They are alleging only that Defendant made various misrepresentations as to profitability, services to be provided, and the general viability of the . . . franchise.

*Id.*

Ms. Smith and Ms. Burke have asserted claims for fraud, misrepresentation, and deceptive trade practices. The crux of their complaint is that the products and services which they received were not the same ones that had been represented to them before the purchase. The plaintiffs attack the underlying transaction as fraudulent. This court adopts the rationale of *Picken* and finds that the forum selection clause covers the tort claims in this case.

■ Second, Ms. Burke was not a signatory to the agreements. To bind a nonparty to a forum selection clause, that person "must be closely related to the dispute such that it becomes foreseeable that [she] will be bound." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir.1998); *see also Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988) ("[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses."). Ms. Burke has not alleged any facts or theories for relief other than those asserted by Ms. Smith. She was a joint venturer with Ms. Smith in this endeavor. As such, she was so closely related to the dispute that she is bound by the forum selection clause.

## V. CONCLUSION

It is a difficult burden to defeat a forum selection clause. The plaintiffs have not carried that burden, and will be bound by the agreement. For the reasons stated above, defendants' Motion to Dismiss is due to be GRANTED, without prejudice, on the basis of improper venue. A separate Order will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion entered on this day, it is hereby ORDERED as follows:

1. Defendants' Motion to Dismiss is GRANTED.

2. This case is DISMISSED without prejudice.

3. Costs are taxed against the Plaintiffs.