MURDOCK, Judge,
concurring in the result.
The writ of possession issued by the circuit court in this case was issued in response to a motion by Intervest in accordance with Ala.Code 1975, § 6-6-351, by which Intervest merely sought to enforce the district court’s judgment pending the consideration of the merits of Lovejoy’s appeal to the circuit court. In the underlying unlawful-detainer action that was on appeal to the circuit court, Intervest also sought a writ of possession, but one more “permanent” in nature and on the merits of its claim, as opposed to one merely procedural in nature to adjudicate the rights of the parties pendente lite under § 6-6-351. The merits of Intervest’s underlying claim and of Lovejoy’s defense thereto have not yet been heard by the circuit court.
I therefore agree with Judge Crawley that Lovejoy attempts to appeal to this court from a nonfinal judgment. However, I would treat the attempted appeal as a petition for a writ of mandamus (see, e.g., Ex parte Gamble, 709 So.2d 67, 69 (Ala.Civ.App.1998)) and would grant it.
For the reasons stated in the majority’s opinion, a writ of possession should not have been issued pending the trial court’s adjudication of the merits of the unlawful-detainer claim brought by Intervest. I therefore concur in the result reached by the majority.