PITTMAN, Judge.
Kaylea Jill (Ritter) Muellen (“the mother”) and Hollis Talmadge (Tab) Ritter (“the father”) were divorced by the Houston Circuit Court in 2004. The divorce judgment awarded the mother sole physical custody of the parties’ three minor children and ordered the father to pay child support. In May 2009, the mother properly notified the father that she and the minor children would be moving from Houston County in July 2009 to join the mother’s husband at his military assignment at Malmstrom Air Force Base in Great Falls, Montana. The father filed no objection to the move and no action to obtain a revised schedule of visitation with the children.
On July 19, 2010, the Houston Circuit Court entered a judgment that, among other things, increased the father’s child-support obligation from $380 per month to $573 per month, altered the father’s schedule of visitation with the children, made the father responsible for all expenses associated with exercising his visitation rights, and provided the father with a credit against his child-support obligation for all expenses incurred in exercising those rights. Specifically, the judgment provided the following:
“[The father] shall be responsible for the entire costs associated with exercising visitation with the children, including, without limitation, airline tickets (and lodging for himself and the children when he travels to their location to exercise visitation), and shall be relieved of the requirement to pay child support in an amount equal to such costs incurred for the same and shall be allowed to take a credit against child support in the month(s) in which he actually incurs such costs and shall provide the [mother] with proof of such costs.”
On January 26, 2011, the Alabama Department of Human Resources (“DHR”), whose State Disbursement Unit was providing child-support-enforcement services for the parties pursuant to § 30-3-195(c), Ala.Code 1975, filed a “motion to clarify” the July 19, 2010, judgment, requesting clarification as to
“what dollar amount toward child support is to be given, especially at times when the visitation costs far exceed the child support. The parties have different perspectives as to how much the [father] should be credited for travel expenses.
“The [mother] lives in Montana and the [father] lives in Alabama, and the visitation occurs only certain times of the year as the children are school age.” On January 31, 2011, the trial court
entered the following order in response to DHR’s motion:
“The court’s order contemplates that [the father] shall receive a dollar-for-dollar credit for the entire cost associated with exercising visitation with the children when he travels to the location where they are at in Montana (or elsewhere if the children are residing with the mother at a location that is 200 miles *866 or more from the [father’s] residence). This credit is to be given even when the cost of visitation exceeds the monthly amount of child support. Further, if the cost of visitation is in excess of one month’s child support, [the father] shall be allowed to take a credit against future child support payments until the cost of visitation is fully credited against child support.”
On February 8, 2011, the mother moved to set aside the January 31, 2011, order, arguing (1) that the order constituted an impermissible modification rather than a valid clarification of the July 19, 2010, judgment (which judgment, the mother argued, the trial court had no jurisdiction to modify after 30 days) and (2) that the order violated the public policy of Alabama. The circuit court entered no ruling on the mother’s motion to set aside its January 31, 2011 order. Instead, on February 25, 2011, it ordered the parties to mediation as to the issue, stating that “[i]f after mediation is completed, all issues are not resolved, either party may file a motion to set this matter for trial.”
On April 4, 2011 (63 days after the entry of the January 31, 2011, order), the mother filed a petition for a writ of mandamus in this court, arguing that the January 31, 2011, order constituted an impermissible modification rather than a valid clarification of the July 19, 2010, judgment.
“ ‘[A] petition for writ of mandamus is a proper means to review questions of subject-matter jurisdiction.’ Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009) (citing Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000)). Nevertheless, [a petitioner is] required, as is this court, to abide by the procedural mandates of Rule 21, [Ala. R.App. P.,] which designates the proper procedure for petitioning an appellate court for a writ of mandamus.”
Ex parte R.W., 41 So.3d 800, 805 (Ala.Civ.App.2009). Rule 21(a)(3), Ala. R.App. P., provides:
“(3) Time for Filing. The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
Although the mother’s mandamus petition was filed within 42 days of the entry of the trial court’s February 25, 2011, mediation order, the relief the mother seeks — vacating the trial court’s January 31, 2011, order on the ground that it constituted a modification rather than a clarification of the July 19, 2010, judgment — stems from the January 31, 2011, order and not from the February 25, 2011, order. As measured from the entry of the January 31, 2011, order, the mother’s petition was not timely filed, and it did not state good cause for the delay.
Upon initial review, this court elected to treat the mother’s mandamus petition, which asserted that the circuit court had no jurisdiction to modify its July 19, 2010, judgment, as an appeal from the denial of a motion for relief pursuant to Rule 60(b)(4), Ala. R. Civ. P., which allows for relief from a void judgment. Upon further consideration, however, we conclude that the mother’s petition cannot be treated as an appeal from the denial of a Rule 60(b)(4) petition because the trial court did not deny the mother’s motion to set aside the January 31, 2011, order. Instead, the trial court ordered the parties to mediation *867 as to the issue, stating that “[i]f after mediation is completed, all issues are not resolved, either party may file a motion to set this matter for trial.”
The mother had a clear legal right to an order either granting or denying her motion to set aside the January 31, 2011, order, and the trial court had a corresponding duty to enter such an order. See Ex parte Gamble, 709 So.2d 67, 70 (Ala.Civ.App.1998). The trial court’s February 25, 2011, order, however, indicated an unwillingness to address the merits of the mother’s motion in an apparent attempt to encourage the parties to reach a settlement of the issue. Cf. Ex parte Ford Motor Credit, 607 So.2d 169, 170 (Ala.1992) (writ of mandamus issued to compel a ruling by the trial court on a creditor’s motion for a writ of seizure, pursuant to Rule 64, Ala. R. Civ. P., when the trial court refused to rule on the motion in an attempt to encourage settlement of the dispute).
Because in the present case the trial court’s February 25, 2011, mediation order did not constitute a ruling on the merits of the mother’s motion to set aside the January 31, 2011, order, we deem it appropriate to treat the mother’s petition as one for a writ of mandamus to compel the trial court to rule on her motion, which motion was, in essence, one seeking relief under Rule 60(b)(4).[1]
In Ex parte Gamble, supra, this court held that, when the trial court’s order indicated “an unwillingness ... to address the merits” of an employee’s claim, pursuant to Rules 60(b)(2) and 60(b)(6), Ala. R. Civ. P., for relief from the underlying workers’ compensation judgment in favor of the employer, a writ of mandamus would issue to compel the trial court to address the merits of the claim. 709 So.2d at 69. However, this court “expressly disavowed] any opinion concerning whether [the employee’s] motion should or should not be granted,” because “ ‘[w]hile the writ [of mandamus] will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner.’ ” 709 So.2d at 70 (quoting Ex parte Ford Motor Credit Co., 607 So.2d 169, 170 (Ala.1992); emphasis added by this court in Gamble).
The present case is not subject to the rule, applicable in Ex parte Gamble supra, and Ex parte Ford Motor Credit, supra, that the writ of mandamus will not issue to compel the trial court’s exercise of discretion in a particular manner, because,
“ ‘[w]hen the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b) ft), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’”
Orix Fin. Servs., Inc. v. Murphy, 9 So.3d 1241, 1244 (Ala.2008) (quoting Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991); emphasis added). Because the determination whether the trial court’s January 31, 2011, *868 order constituted a valid clarification or an impermissible modification of the July 19, 2010, judgment does not call for an exercise of judicial discretion, but for an application of the law to undisputed facts, we now proceed to a determination of that issue.
‘“A “motion for clarification” is just what the name implies: a request for an explanation from the trial court as to the meaning of a prior, allegedly unclear, order. A “motion for clarification” does not seek to persuade the trial court that a prior judgment should be changed, modified, or invalidated. If it does seek to do any of those things, then it is not a “motion to clarify” a judgment, but a motion to alter, amend, or vacate a judgment, one that, pursuant to Rule 59(e), Ala. R. Civ. P., must be filed not later than 30 days after entry of the judgment. If a trial court’s response to a “motion for clarification” is to explain, rather than to alter, amend, or vacate a prior order, then that response is a strong indicator that the motion was, in fact, one seeking clarification. See Gold Kist, Inc. v. Crouch, 671 So.2d 695, 696 (Ala.Civ.App.1995) (noting that “the original order was not modified by [the request for clarification]; the court simply clarified what we conclude was an abundantly clear order”). The converse is also true. If the trial court’s response to a motion for clarification does “more than merely clarify the trial court’s previous order,” by making, for example, “modifications that [are] more substantial in nature than the correction of a mere mechanical mistake,” then such corrections must be made pursuant to either Rule 59(e) or Rule 60(b), Ala.R.App. P. Pate v. Pate, 849 So.2d 972, 976 (Ala.Civ.App.2002).’ ”
Mosley v. Builders S., Inc., 41 So.3d 806, 809-10 (Ala.Civ.App.2010) (quoting Moss v. Mosley, 948 So.2d 560, 565 (Ala.Civ.App.2006)).
An appellate court “construe[s] [a] trial court’s judgment like other written instruments: the rules of construction for contracts are applicable for construing judgments.” Boykin v. Law, 946 So.2d 838, 848 (Ala.2006) (citing Hanson v. Hearn, 521 So.2d 953, 954 (Ala.1988), and Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App.1991)). “ ‘If the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning and their “legal effect must be declared in the light of the literal meaning of the language used” in the judgment.’ ” Thornton v. Elmore Cnty. Bd. of Educ., 882 So.2d 855, 858 (Ala.Civ.App.2003) (quoting State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala.2000), quoting in turn Wise v. Watson, 286 Ala. 22, 27, 236 So.2d 681, 686 (1970)).
The trial court’s July 19, 2010, judgment (a) made the father “responsible for the entire costs associated with exercising visitation with the children,” (b) relieved the father of the “requirement to pay child support in an amount equal to such costs incurred for the same,” and (c) allowed the father “to take a credit against child support in the month(s) in which he actually incurred] such costs.” In response to DHR’s “motion to clarify” the judgment, specifically, with respect to “what dollar amount toward child support is to be given, especially at times when the visitation costs far exceed the child support,” the trial court’s January 31, 2011, order first addressed those portions of the July 19, 2010, judgment that we have labeled as subparts (a) and (b). That portion of the January 31, 2011, order states:
“The court’s [July 19, 2010, judgment] contemplates that [the father] shall receive a dollar-for-dollar credit for the entire cost associated with exercising *869 visitation with the children when he travels to the location where they are at in Montana (or elsewhere if the children are residing with the mother at a location that is 200 miles or more from the [father’s] residence). This credit is to be given even when the cost of visitation exceeds the monthly amount of child support.”
The foregoing portion of the January 31, 2011, order is consistent with the clear and unambiguous meaning of subparts (a) and (b) of the July 19, 2010, judgment: that the father may offset against his monthly child-support obligation the costs incurred in exercising visitation with the children. It is that portion of the July 19, 2010, judgment that we have labeled as subpart (c) for which DHR requested a clarification, and about which the mother complains that the trial court’s order purporting to clarify the judgment actually modified it.
Subpart (c) of the July 19, 2010, judgment clearly and unambiguously permitted the father to “take a credit against child support in the month(s) in which he actually incurs such costs.” In contrast, the January 31, 2011, order purporting to clarify the judgment provides that, “if the cost of visitation is in excess of one month’s child support, [the father] shall be allowed to take a credit against future child support payments until the cost of visitation is fully credited against child support.”
We conclude that the January 31, 2011, order impermissibly modified rather than clarified subpart (c) of the July 19, 2010, judgment. Whereas the July 19, 2010, judgment permits the father to credit against his monthly child-support obligation all visitation costs incurred in the same month or months in which he incurs such costs, the January 31, 2011, order permits the father to credit against his future monthly child-support obligation all visitation costs incurred at any time. Unlike subpart (c) of the July 19, 2010, judgment, the January 31, 2011, order allows the credit against the father’s child-support obligation to operate in futurity and conceivably could eliminate that obligation altogether. The father was ordered to pay child support in the amount of $573 per month, for an annual total of $6,876. If the father incurs costs of $1,800 each time he travels to and from Montana to visit the three children, or arranges for them to visit him in Alabama, and if he exercises his visitation rights 4 times a year (as the visitation schedule provides in odd-numbered years), then he will owe no child support for that year. Clearly, the July 19, 2010, judgment allowing he father “to take a credit against child support in the month(s) in which he actually incurs such [visitation] costs” did not provide for such a result.
We conclude that the mother has shown a clear legal right to a ruling on her motion to set aside the January 31, 2011, order. Therefore, we grant the mother’s petition and issue the writ. Because the ruling the mother seeks does not involve the exercise of judicial discretion but, instead, implicates the jurisdiction of the trial court to modify a final judgment, we direct the trial court to vacate its mediation order of February 25, 2011, and to grant the mother’s motion to set aside its January 31, 2011, order.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. “ ‘A petition for a writ of mandamus based on a trial court’s failure to rule on a matter does not have a benchmark date from which to begin [to] measure a reasonable time. Thus, [Rule 21(a)(3), Ala. R.App. P.], setting the presumptively reasonable time within which to file a petition, will not affect the determination of what is a reasonable time for filing a petition based on the failure to rule.' ” Ex parte Davis, 834 So.2d 830, 832-33 (Ala.Crim.App.2002) (quoting Committee Comments to Amendments to Rule 21(a) and Rule 21(e)(4) effective September 1, 2000).