BOLIN, Justice.
International Paper Company and three employees (Janet Pridgeon, Joni Harris, and Shawn Blenis) seek a writ of mandamus directing the Wilcox Circuit Court to rule upon a pending motion to dismiss a case against them for improper venue, based on an outbound forum-selection clause in a waste-services agreement between International Paper and JRD Contracting & Land Clearing, Inc. ("JRD C & L"). We issue the writ.
Facts and Procedural History
On September 23, 2016, Caterpillar Financial Services Corp. sued JRD Contracting, Inc., and John R. Dailey, Jr., in the Wilcox Circuit Court alleging breach of various loan contracts, detinue, and breach of guaranty agreements. JRD Contracting had purchased Caterpillar brand construction and hauling equipment, financed through Caterpillar Financial Services, and Dailey had guaranteed the loan contracts. JRD Contracting is a an Alabama corporation with its principal place of business in Wilcox County. Dailey resides in Wilcox County.
On May 22, 2017, JRD Contracting and Dailey filed a third-party complaint against International Paper and three employees (hereinafter collectively referred to as "IPC") and fictitiously named defendants. International Paper is a corporation with its principal place of business in Tennessee.
JRD C & L had entered into a waste-services agreement with IPC pursuant to which JRD C & L was to dispose of material produced by International Paper's mill in Wilcox County. In their third-party complaint, JRD Contracting and Dailey alleged that if they were liable to Caterpillar Financial Services, it was because of the actions of IPC. They sought recovery from IPC on the theories of breach of contract, promissory estoppel, fraud, work and labor done, and indemnity and also sought a declaratory judgment. Along with the complaint, JRD Contracting and Dailey *1037 served IPC with interrogatories and requests for production.
On May 25, 2017, JRD Contracting and Dailey filed a motion to add JRD C & L as a defendant "needed for just adjudication of this matter." The circuit court granted the motion. On June 1, 2017, JRD Contracting, Dailey, and JRD C & L (hereinafter collectively referred to as "JRD") filed an amended complaint to add JRD C & L as a defendant/third-party plaintiff.
On June 26, 2017, IPC filed a motion to dismiss the third-party complaint without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P. IPC argued that the waste-services agreement between IPC and JRD C & L contained an outbound forum-selection clause, providing that the "courts of Tennessee shall have and [sic] exclusive jurisdiction over any disputes arising out of or relating to this Agreement." On June 30, 2017, IPC filed a motion to stay further proceedings pending a ruling on the motion to dismiss. IPC argued that requiring it to litigate the case before a ruling was entered on the motion to dismiss would "expose the parties to litigation costs and expenses that would be unnecessary if the Motion to Dismiss is granted."
On November 20, 2017, the circuit court issued a scheduling order setting a discovery deadline of February 28, 2018; a deadline for filing summary-judgment motions; and the trial for May 21, 2018. On January 9, 2018, IPC and Caterpillar filed a joint motion to continue the trial date pending a ruling on IPC's motion to dismiss. They argued that if the circuit court denied the motion, then additional discovery would be needed. JRD responded, arguing that no further discovery was needed and that all the parties had briefed the venue issue, which it says established Wilcox County as the proper venue. JRD also filed a motion for a summary judgment as to its claims against IPC.[1]
On February 3, 2018, the circuit court held a hearing on the joint motion to continue. The circuit court entered an order stating:
"This matter came before the Court on a motion to continue the trial set for May 21, 2018, and having considered the same it is ordered, adjudged, and decreed said motion is denied. Further, it is ordered the court will continue to take the Motion to Dismiss under advisement."
That same day, the circuit court set a hearing for March 23, 2018, on JRD's motion for a summary judgment.
On February 20, 2018, IPC filed this petition for a writ of mandamus, along with a motion to stay all proceedings in the circuit court. On March 6, 2018, this Court ordered answer and briefs and granted the motion to stay the proceedings below.
Discussion
IPC asks this Court to direct the circuit court to rule on its motion to dismiss without prejudice based on the outbound forum-selection clause in the waste-services agreement. "An outbound forum-selection clause-a clause by which parties specifically agree to trial outside the State of Alabama in the event of a dispute-implicates the venue of a court rather than its jurisdiction." Ex parte Rymer, 860 So.2d 339, 341 (Ala. 2003).
IPC is not asking this Court to issue a ruling on venue. Instead, IPC seeks a writ compelling the circuit court to rule on its pending motion to dismiss for improper venue. In *1038 Ex parte Ford Motor Credit Co., 607 So.2d 169 (Ala. 1992), we addressed whether mandamus review was available to direct a trial court to rule on a pending motion. In Ford Motor Credit, the plaintiff held security interests in a number of trucks purchased by the defendants. The plaintiff filed a motion for a writ of seizure, pursuant to Rule 64, Ala. R. Civ. P. The materials before the Court indicated that the plaintiff had complied with the requirements of Rule 64 but that the trial judge, in an attempt to encourage a settlement of the case, repeatedly refused to rule on the motion even though he had been informed that the parties could not reach a settlement. Rule 64 provides that if the court fails to make a preliminary finding for the plaintiff, then the court should set a hearing at the earliest practical time. This Court held that, under the facts of that case, the trial judge had exceeded his discretion in failing to rule on the motion and the plaintiff was entitled to a writ of mandamus directing the trial court to rule on the motion for a writ of seizure. We stated:
"Mandamus is a drastic and extraordinary writ, to be issued only where there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court. While the writ will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner. On the other hand, mandamus is an appropriate remedy when there is a clear showing that the trial judge abused his or her discretion by exercising it in an arbitrary and capricious manner. Ex parte Adams, 514 So.2d 845 (Ala. 1987).
" Rule 64 required the trial judge in this case to rule on Ford's motion 'at the earliest practical time.' Rule 64(b)(2)(C). As previously noted, Ford has complied with the requirements of Rule 64 and there appears to be no reasonable basis for the trial judge's continuing delay in ruling on the motion. The parties have made it clear that they cannot reach a settlement. Ford, which is obviously concerned that its collateral may be concealed, transferred, or otherwise disposed of or damaged, is clearly entitled to a ruling."
Ford Motor Credit, 607 So.2d at 170.
The Court of Civil Appeals has issued a writ of mandamus in a case in which the trial court refused to rule on the plaintiff's Rule 60(b), Ala. R. Civ. P., motion. In Ex parte Gamble, 709 So.2d 67 (Ala. Civ. App. 1998), the plaintiff filed an action seeking against her employer worker's compensation benefits and damages for wrongful termination. The employer filed a motion for a summary judgment, which the trial court granted. The plaintiff filed a motion for relief from the judgment pursuant to Rule 60(b), Ala. R. Civ. P. The materials before the Court of Civil Appeals reflected that the trial court was unwilling to address the merits of the Rule 60(b) motion. The Court of Civil Appeals issued the writ and directed the trial court to issue an order addressing the merits of the Rule 60(b) motion. Citing Ford Motor Credit, 607 So.2d at 170, the court stated that, in issuing the writ, "we expressly disavow any opinion concerning whether [the plaintiff's] motion should or should not be granted; '[w]hile the writ [of mandamus] will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner.' " 709 So.2d at 70.
In Ex parte Monsanto Co., 794 So.2d 350 (Ala. 2001), this Court addressed a mandamus petition in cases involving over 2,700 toxic-tort claims against the *1039 manufacturer. The manufacturer filed a motion for a change of venue based on pretrial publicity and the alleged inability to have a fair trial in the county in which the action had been filed. The trial court refused to rule on the motion, deciding instead to postpone consideration of the motion until "an appropriate length of time prior to this case being called for trial." 794 So.2d at 353. In its petition for a writ of mandamus, the manufacturer asked this Court to direct the trial court to transfer the cases to another county. We stated:
"This Court has never issued a writ of mandamus directing a trial court to transfer a case where the trial court has not yet ruled on the motion for a change of venue. Generally, the writ of mandamus will not issue to compel a trial court to exercise its discretion in a particular manner. Ex parte Ford Motor Credit Co., 607 So.2d 169, 170 (1992).
"....
"However, we are concerned about the potential bias created by the numerous newspaper articles and the extensive television news coverage of this case, and about the possibility that Calhoun County citizens, while serving as jurors, could come to consider themselves to be in harm's way because of the alleged wrongdoing by Monsanto. While we do not find a sufficient basis for directing the trial court to grant the motion for a change of venue, we urge the trial judge to carefully consider Monsanto's motion and to do so in a timely manner, because the trial court has indicated that if the cases are transferred then a special judge should be appointed to hear them. We are certain that in ruling on the change-of-venue issue, the trial judge will carefully consider the materials Monsanto has presented to this Court (copies of the newspaper articles and videotapes of the television news coverage of these cases), as well as the information Monsanto has presented regarding the effect this publicity, and the evidence to be presented at trial, might have on jurors in Calhoun County. We are certain that the judge will carefully weigh the disadvantages to the plaintiffs of transferring these cases against the advantage to Monsanto of transferring them to a forum where, even if there is significant pretrial publicity, the jury venire will not be composed of potential victims of the alleged wrongful conduct.
"The trial judge has requested that if this Court orders a change of venue (and it does not), then it should also appoint a special judge to hear these cases. Monsanto also has requested that we appoint a special judge to handle these cases. We have declined to require the trial court to grant Monsanto's motion to change venue. Because a determination by the trial court as to the appropriate venue for these cases affects the issue whether a special judge will be appointed to try these cases, and because deferring a resolution of the venue issue until immediately before trial could put all parties to the expense of unnecessary preparation if the order deciding venue is then subject to a stay pending review by a petition for an extraordinary writ, we direct the trial court to dispose of the motion for a change of venue as the first order of business in regard to these cases. Should the trial judge order a change of venue, then we will, at that time, consider a request to appoint a special judge. If the trial court grants the change-of-venue motion, it may defer ruling on the jury-selection procedures and the trial format until a determination is made whether to appoint a special judge. The special judge, if appointed, should rule on jury-selection procedures and the trial format."
*1040 Ex parte Monsanto Co., 794 So.2d at 353-56 (emphasis added). Although the Monsanto Court did not order a change of venue as the manufacturer had requested, the Court did order the trial court to rule on the motion for a change of venue before dealing with any other issues in the cases.
" '[A] petition for a writ of mandamus is the proper vehicle for obtaining review of an order denying enforcement of an "outbound" forum-selection clause when it is presented in a motion to dismiss.' Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala. 2001) ; see Ex parte CTB, Inc., 782 So.2d 188, 190 (Ala. 2000). '[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion.' Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660 (Ala. 2001). '[T]he review of a trial court's ruling on the question of enforcing a forum-selection clause is for an abuse of discretion.' Ex parte D.M. White Constr. Co., 806 So.2d at 372."
Ex parte Leasecomm Corp., 886 So.2d 58, 62 (Ala. 2003).
Based on Ford Motor Credit, Gamble, Monsanto, and Leasecomm, it is clear that IPC's request for this Court to issue a writ of mandamus compelling the circuit court to exercise its discretion by ruling on the motion to dismiss based on improper venue before proceeding further is appropriate under these circumstances.
In the present case, the circuit court left pending IPC's motion to dismiss asserting improper venue, but ordered that final discovery on the merits was to be completed by February 28, 2018, that all motions for a summary judgment were to be filed by March 26, 2018, and that the trial was to be held on May 21, 2018. IPC argues that venue is a threshold issue, citing Thompson v. Skipper Real Estate Co., 729 So.2d 287 (Ala. 1999) (noting, in discussion of issue whether defendant had substantially invoked the litigation process, that a defendant has a right to determine venue before asserting a demand for arbitration), and Ex parte Windom, 776 So.2d 799 (Ala. 2000) (holding that venue is a threshold matter that must be raised at the beginning of litigation and that a trial court should rule on a motion for a change of venue as expeditiously as possible). IPC also argues that the circuit court exceeded its discretion by denying IPC and Caterpillar's joint motion to continue the trial date, citing Thomas v. Kellett, 489 So.2d 554, 555 (Ala. 1986) (holding that a denial of a continuance will not be overturned where trial court has not exceeded its discretion). IPC argues that requiring it to participate in the litigation process while failing to rule on the motion to dismiss requires that it either waive the right to conduct discovery and to formulate an adequate defense or waive the right to enforce the outbound forum-selection clause, based on Ex parte Spencer, 111 So.3d 713 (Ala. 2012) (holding that a party may waive a forum-selection clause by substantially invoking the litigation process).
We note that an attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., based on improper venue. Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala. 2001).
In Professional Insurance Corp. v. Sutherland, 700 So.2d 347, 351 (Ala. 1997), this Court adopted the majority rule, by which an "outbound" forum-selection clause is upheld unless the party challenging the clause clearly establishes that it would be unfair or unreasonable under the circumstances to hold the parties to their bargain. 700 So.2d at 351. The party *1041 challenging the clause can meet its burden by clearly establishing either "(1) that enforcement of the forum selection clause would be unfair on the basis that the contract was affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen ... forum would be seriously inconvenient for the trial of the action." 700 So.2d at 352. "Because '[i]t is a difficult burden to defeat a forum selection clause[,]' Smith v. Professional Claims, Inc., 19 F.Supp.2d 1276, 1282 (M.D. Ala. 1998), such clauses will usually be enforced." Ex parte CTB, Inc., 782 So.2d 188, 191 (Ala. 2000).
Here, the circuit court exceeded its discretion by failing to rule on, and instead "taking under advisement," the motion to dismiss the third-party complaint based on improper venue while allowing discovery on the merits to proceed and setting deadlines for summary-judgment motions and setting the trial date. Therefore, we issue the writ and direct the circuit court to issue an order addressing the merits of IPC's motion to dismiss based on improper venue. We express no opinion as to whether IPC's motion should or should not be granted; "[w]hile the writ [of mandamus] will issue to compel the exercise of discretion by a circuit judge, it will not issue to compel the exercise of discretion in a particular manner." Ford Motor Credit, 607 So.2d at 170.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Parker, Shaw, Main, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

JRD's summary-judgment motion is not included in the exhibits filed in this Court by the parties.