THOMAS, Judge.
*307 John Lamar ("the husband") has filed a petition for the writ of mandamus with this court, seeking an order compelling the Clarke Circuit Court ("the trial court") to enter a judgment divorcing him from Alrica Bell Lamar ("the wife") and resolving the issue of the custody of the parties' child. According to the statements in the petition and the materials submitted in support of the petition,[1] the husband first filed his complaint seeking a divorce from the wife in the Montgomery Circuit Court on December 21, 2015. In February 2016, the Montgomery Circuit Court transferred the divorce action to the trial court.
In January 2017, the trial court first set the case for a trial to be held in June 2017. The wife and her attorney failed to appear at the June 2017 trial, allegedly because of transportation issues, and the wife moved the trial court to reopen the action so that she could present testimony. Although the husband objected to the wife's request, the trial court granted her motion and reset the matter for a date in July 2017 for additional testimony. However, the trial court's order indicated that it intended to hear evidence concerning only temporary custody, visitation, and child-support issues at the July 2017 hearing. The husband objected to the trial court's order, seeking to have the trial court hold a final trial in the matter, but, after the July 2017 hearing, the trial court issued an order on August 9, 2017, addressing only temporary custody, visitation, and child-support issues.
On August 28, 2017, the husband moved for a final trial on the divorce action. The trial court set a trial for November 9, 2017. The husband's petition indicates that the trial was conducted and concluded on November 9, 2017. On January 25, 2018, the husband filed a motion seeking the entry of a final divorce judgment. According to the statements in the petition, the trial court has not yet issued a final judgment divorcing the parties and resolving the related issues.
" ' "The rules of law applicable to the case are simple and well settled. The writ of mandamus will lie from a superior to an inferior or subordinate court, in a proper case, to compel it to hear and decide a controversy of which it has jurisdiction; or, where the cause has been heard, to compel such inferior court to render judgment or enter a decree in the given case. But its use is not warranted to direct what particular judgment shall be rendered in a pending cause, nor is it the proper function of such remedial writ to re-examine, or correct errors in any judgment or decree so rendered. 'The rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been erroneously performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done; or if it be ministerial, the mandamus will direct the specific act to be performed.' Ex parte Newman, [81] U.S. 152, 14 Wall. 152, 169, 20 L.Ed. 877 [ (1871) ]; High on Extr. Rem. §§ 150-152, *308 266; Ex parte Schmidt, 62 Ala. 252 [ (1878) ]; Ex parte Mahone, 30 Ala. 49 [ (1857) ]. The principle, of course, universally prevails, that in no event will the writ ever be awarded where full and adequate relief can be had by appeal, writ of error, or otherwise." ' "
Ex parte Jim Walter Res., Inc., 91 So.3d 50, 53 (Ala. 2012) (quoting State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972), quoting in turn State v. Williams, 69 Ala. 311, 316 (1881) ).
Nothing in the materials before us indicates that the trial court has a reason for delaying the entry of the divorce judgment in this case for nearly six months. Based on the petition and the materials presented in support of the petition, we conclude that the husband is entitled to the writ he seeks directing the trial court to enter a divorce judgment resolving the issues between the parties. See Ex parte Ford Motor Credit Co., 607 So.2d 169, 170 (Ala. 1992) (ordering a trial court to rule on a Rule 64, Ala. R. Civ. P., motion); Ex parte Gamble, 709 So.2d 67, 70 (Ala. Civ. App. 1998) (ordering a trial court to rule on a pending Rule 60(b), Ala. R. Civ. P., motion). Accordingly, the petition is granted.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

Although this court called for an answer to the petition, no answer was received. Thus, we will consider the averments of fact in the husband's petition as true. Ex parte Turner, 840 So.2d 132, 134-35 (Ala. 2002).