THOMAS, Judge.
Amy N. Williams (“the mother”) seeks a writ of mandamus directing the Montgomery Circuit Court to enter a final judgment of divorce incorporating a settlement agreement that she alleges she and-Jeffrey S. Williams (“the father”) negotiated in October 2013. The facts, as alleged in the mother’s mandamus petition, as conceded in the father’s answer, and as supported by the attachments .to the mother’s petition or the father’s answer, are as follows.
In March 2013, the mother filed a complaint seeking a divorce from the father; among other things, she sought custody of the parties’ child. The trial court entered a pendente lite order in which, among other things, the mother was awarded pen-dente lite custody of the child. On October 21, 2013, the parties negotiated a handwritten agreement settling the divorce action (“the 2013 settlement agreement”); the settlement agreement was read into the record at a hearing conducted on the same date. No 'written order followed the hearing, and, on November 21, 2013, the mother moved for enforcement of-the,settlement agreement. The father.did nqt respond to the mother’s motion, despite the fact that the trial court had entered an order requiring him to do so within 21 days of the filing of the mother’s motion. , The trial court did not rule on the mother’s motion even after expiration of the 21-day period.
On February 24, 2014, the mother filed another motion seeking enforcement of the 2013 settlement agreement. The trial court set a hearing on the matter for May 20, 2014. According to the mother, at the May 20, 2014, hearing, the .parties again negotiated- a settlement of the divorce action (“the 2014 settlement agreement”). The mother, states in her petition that the 2014 settlement agreement was .also read into the record, but she has not provided a transcript of the May 20, 2014, hearing in support of her petition. The trial court failed to enter a judgment incorporating the 2014 settlement agreement.
On October 10, 2014, the mother filed a motion seeking the entry of a final judgment. In that motion, the mother sought the entry of a judgment incorporating the 2014 settlement agreement. The. mother further admitted in that motion- that she had been arrested for driving under the influence in Florida in April 2014 and that her Alabama driver’s license had been suspended for a period of three months beginning in September 2014. In response to the mother’s motion, the father requested an emergency hearing and a final hearing. In the father’s motion, he alleged that the mother had been transporting the child *188 despite having had her driver’s license suspended; the father also requested emergency pendente lite custody of the child. The parties agree that the trial court held a hearing on October 20, 2014. Neither party has provided a transcript of the October 20, 2014, hearing.
On January 16, 2015, the trial court entered an order setting the divorce action for a “final hearing of any and all issues” on April 21, 2015. On April 21, 2015, the mother filed a petition for the writ of mandamus in this court.
“ ‘A writ of mandamus is an extraordinary remedy ... that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner.’ Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998). The petitioner must demonstrate:
“‘“(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court,” ’
“Ex parte Edwards, 727 So.2d at 794 (quoting Ex parte Adams, 514 So.2d 845, 850 (Ala.1987)).”
Ex parte D.J.B., 859 So.2d 445, 448 (Ala.Civ.App.2008).
In his answer, the father argues that the mother’s petition was untimely filed. He asserts that the mother knew on January 16, 2015, that the divorce action had been set for a “final hearing of any and all issues.” Thus, he reasons, the mother should have sought relief from the trial court’s failure to rule on the mother’s October 2014 motion to enforce the 201k settlement agreement within 42 days of the January 16, 2015, order setting the final hearing. Furthermore, the father argues that the mother cannot seek to have the trial court enforce the 2013 settlement agreement at this late date because the trial court held at least two hearings after the mother initially sought to have the 2018 settlement agreement enforced in November 2013 and because the mother had last sought to have the 201k settlement agreement enforced.
Rule 21(a)(3), Ala. R.App. P., provides that a petition for the writ of mandamus “shall be filed within a reasonable time.” The rule specifically provides that “[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal.” Rule 21(a)(3). However, the rules does not explain how to determine whether a petition seeking review of a trial court’s failure to rule on a motion is timely filed.
The Committee Comments to Amendments to Rule 21(a) and 21(e)(4) Effective September 1, 2000, state that “[a] petition for a writ of mandamus based on a trial court’s failure to rule on a matter does not have a benchmark date from which to begin [to] measure a reasonable time.” However, the comments do not leave us without any guidance. The comments explain that an' appellate court may find a petition for the writ of mandamus to be untimely even if it is filed within a presumptively reasonable time, “for example, when the petition is filed shortly before trial, yet several days or even weeks after the adverse ruling.” If that is so, then we can certainly consider the timing of the mother’s petition when there is no presumptively reasonable time for its filing.
In her petition, the mother seeks an order from this court requiring the trial court to enforce the 2013 settlement agreement, which she first sought enforcement of in November 2013,17 months before the mother filed her petition in this court. *189 The mother did not seek mandamus review of the trial court’s failure to rule on her multiple motions to enforce either settlement agreement in either 2013 or 2014. She participated in at least two hearings after filing her initial motion seeking enforcement of the 2013 settlement agreement, one of which, she alleges, produced the 2014 settlement agreement that she last sought enforcement of by a motion filed on October 10, 2014, in the trial court. Despite having knowledge'in January 2015 that the divorce action was set for a “final hearing of any and all issues” on April 21, 2015, the mother waited until the day of trial to file her petition for the writ of mandamus. We cannot conclude that the mother’s extensive delay in seeking relief from the trial court’s failure to rule' on a November 2013 motion to enforce the 2013 settlement agreement should be countenanced despite the fact that the lack of an order prevents determination of the presumptively reasonable time for the filing of the mother’s petition under Rule 21(a)(3). Accordingly, under these circumstances, we conclude that the mother’s petition should be dismissed as having been untimely filed.
PETITION DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.