Rel: August 1, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

————————————————

## CL-2025-0404

————————————————

### Ex parte Carlton Lamar Avery

### PETITION FOR WRIT OF MANDAMUS

### (In re: Carlton Lamar Avery

### v.

### Erica Nicole Avery)

### (Elmore Circuit Court: DR-23-900094)

BOWDEN, Judge.

Carlton Lamar Avery has filed a petition for a writ of mandamus asking this court to order the Elmore Circuit Court, which has already held a trial in the underlying matter, to refrain from entering a judgment

and to rule on his motions to enforce a pretrial-mediation order. Because Avery's petition was not filed within a reasonable time, we dismiss the petition.

According to the petition, this is a "domestic relations case," in which, on November 17, 2023, the circuit court entered an order requiring the parties to participate in mediation ("the pretrial-mediation order"). Despite the pretrial-mediation order, no mediation occurred. At some point, the circuit court entered a stay and later lifted the stay in April 2024. Avery alleges that he filed motions to enforce the pretrial-mediation order on or about May 1, 2025; however, the circuit court held a trial on May 22, 2025, allegedly without having ruled on his motions. Avery filed his petition for a writ of mandamus on June 3, 2025, after the trial and approximately 14 months after the case had been returned to the circuit court's active docket. In essence, Avery is asking us to order the circuit court not to issue a final judgment in a case that has already been tried and to order the circuit court to rule on motions to compel the parties to participate in mediation. We find it unnecessary to reach the merits of the petition, because we deem it to be untimely.

It is well settled under Alabama law that

> "'[a] writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: "'(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'"'"

Ex parte Hood, 401 So. 3d 251, 255-56 (Ala. 2024) (quoting Ex parte Alabama Dep't of Corr., 252 So. 3d 635, 636 (Ala. 2017), quoting in turn Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003), quoting in turn Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001)). "This court has considered petitions for the writ of mandamus seeking an order directing that a pending motion be ruled on when there was no adverse ruling by the lower court." Ex parte T.A.W., 293 So. 3d 430, 432 (Ala. Civ. App. 2019). Nonetheless, a party must still file a mandamus petition "within a reasonable time." Ala. R. App. P. 21(a)(3). Rule 21 defines the presumptively reasonable time to file a mandamus petition, but there is no presumptively reasonable time to file a mandamus petition when it is based on a trial court's failure to rule on a matter. See Muellen v. Ritter, 96 So. 3d 863, 867 n.1 (Ala. Civ. App. 2012).

> "'"A petition for a writ of mandamus based on a trial court's failure to rule on a matter does not have a benchmark date from which to begin [to] measure a reasonable time. Thus, [Rule 21(a)(3), Ala. R. App. P.], setting the presumptively reasonable time within which to file a petition,

3

> will not affect the determination of what is a reasonable time for filing a petition based on the failure to rule." ' "

Id. (quoting Ex parte Davis, 834 So. 2d 830, 832-33 (Ala. Crim. App. 2002), quoting in turn Committee Comments to Amendments to Rule 21(a) and 21(e)(4), Ala. R. App. P., Effective September 1, 2000). Although the presumptively reasonable time of Rule 21 does not apply here, the Committee Comments to Amendments to Rule 21(a) and 21(e)(4) Effective September 1, 2000 ("the Committee Comments"), provide factors to determine if a mandamus petition is filed within a reasonable time, regardless of whether the mandamus petition has been filed outside or within the presumptively reasonable time, and we find those factors instructive in determining whether Avery's mandamus petition was filed within a reasonable time in this case. The Committee Comments provide, in pertinent part:

> "In a particular case, an appellate court may find a petition challenging a ruling of the trial court to be untimely even though it is filed within [the presumptively reasonable time], as, for example, when the petition is filed shortly before trial, yet several days or even weeks after the adverse ruling. Consequently, the better practice is to include in the petition a description of the circumstances constituting good cause for any delay, although the amended rule mandates such a showing only when the petition is filed beyond the time for taking an appeal from the ruling.

"To determine whether the circumstances warrant the appellate court's accepting a petition filed beyond the presumptively reasonable time established in this rule, the court should weigh factors such as the prejudice to the petitioner of the court's not accepting the petition and the prejudice to the opposing party of the court's accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged."

This court addressed the issue of the timeliness of a petition for a writ of mandamus seeking to require a trial court to rule on a matter in Ex parte Williams, 183 So. 3d 186 (Ala. Civ. App. 2015). In that case, the petitioner ("the mother") sought an order from this court directing the trial court to enter a final judgment of divorce incorporating settlement agreements between the parties. Id. at 187. The parties had apparently entered into two separate settlement agreements during the course of the litigation. Neither settlement agreement had been acted upon or incorporated into an order by the trial court in Williams, although the mother had filed motions seeking enforcement of the settlement agreements in November 2013 and October 2014, respectively. In January 2015, the trial court set the case for a final hearing to be held on April 21, 2015. On that date, the day of trial, the mother filed a petition for a writ of mandamus in this court seeking an order directing the trial

5

court to enter a final divorce judgment incorporating the settlement agreements. Id. In determining that the mother's petition was untimely, this court stated:

> "In her petition, the mother seeks an order from this court requiring the trial court to enforce the 2013 settlement agreement, which she first sought enforcement of in November 2013, 17 months before the mother filed her petition in this court. The mother did not seek mandamus review of the trial court's failure to rule on her multiple motions to enforce either settlement agreement in either 2013 or 2014. She participated in at least two hearings after filing her initial motion seeking enforcement of the 2013 settlement agreement, one of which, she alleges, produced the 2014 settlement agreement that she last sought enforcement of by a motion filed on October 10, 2014, in the trial court. Despite having knowledge in January 2015 that the divorce action was set for a 'final hearing on any and all issues' on April 21, 2015, the mother waited until the day of trial to file her petition for the writ of mandamus."

Id. at 188-89.

In Williams, this court denied mandamus relief, holding, in part, that the petition was untimely because it had been filed on the day of trial. In this case, Avery waited until after the trial to seek mandamus relief. Although there are scenarios in which a litigant, because of unfair surprise or another reason, might be excused for such a dilatory filing, the facts of this case do not support Avery's inaction. In short, it is not

6

reasonable for a litigant who seeks to compel a trial court to take certain pretrial actions that would substantially affect the outcome of the litigation to wait until after a trial to seek assistance in the form of a petition for a writ of mandamus. Allowing the use of an "extraordinary remedy" under these circumstances surely has a negative "impact on the timely administration of justice in the trial court." <u>See</u> Committee Comments. It naturally follows that a petition for a writ of mandamus that ultimately seeks to compel the trial court to backtrack and force the parties to mediate after the trial has concluded is untimely.[1] Accordingly, we hold that in this case Avery's mandamus petition was not filed within a "reasonable time" and is due to be dismissed. Ala. R. App. P. 21(a)(3).

PETITION DISMISSED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

---

[1]If Avery had a right to force mediation, he may assert the denial of that right as error in a direct appeal. <u>See</u> <u>Ex parte Jones</u>, 338 So. 3d 198 (Ala. Civ. App. 2021).